IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,341-01






EX PARTE JOE LOUIS CHAMPION, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 494490 IN THE 185TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to fifteen years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary due to the ineffective assistance of trial
counsel. Applicant contends that trial counsel wrongfully advised him that his brother refused to
testify when he was actually prepared and waiting to testify that Applicant had no part in the crime.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial court
signed findings of fact and conclusions of law recommending that the application be dismissed
because Applicant has discharged his sentence and is no longer restrained by this conviction.
However, Applicant alleges that this cause is being used to enhance a current federal conviction to
a life sentence. Applicant is restrained by this conviction. Ex parte Harrington, 310 S.W.3d 452
(Tex. Crim. App. 2010). 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court shall order Applicant's trial counsel to respond to Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that counsel's errors caused his guilty plea to be involuntary. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 9, 2011

Do not publish