IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-29,898-03







EX PARTE JAY ANTHONY NOTTINGHAM AKA JEFFERY ANTHONY
MONTGOMERY, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12,337-B IN THE 181ST DISTRICT COURT


FROM RANDALL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to two years' imprisonment. He did not appeal his conviction. Though he concedes that
he has discharged the sentence, Applicant alleges that the conviction has been used to enhance
another prison sentence which he is currently serving. Ex parte Harrington, 310 S.W.3d 452 (Tex.
Crim. App. 2010). 

 Applicant contends, inter alia, that his plea was involuntary because trial counsel did not
perform an adequate independent investigation into the State's allegations. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court shall obtain a response from
Applicant's trial counsel responding to Applicant's claims that counsel's ineffectiveness rendered
his plea involuntary. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary because counsel did not conduct a thorough investigation before
advising Applicant to plead guilty. The trial court shall make specific findings of fact addressing
whether counsel discovered that one of the State's primary witnesses was unwilling to testify and
that authorities had destroyed a videotape that allegedly portrayed the perpetrator of the crime
entering and leaving the store. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 25, 2012

Do not publish