IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,774-03






EX PARTE WALTER TRUETT MALONE, AKA WALTER MALONE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1-88-640 IN THE 114TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to four years' imprisonment. He did not appeal his conviction.

 In the -01 application, the initial application filed in this case, Applicant claimed that trial
counsel was ineffective. We dismissed that application because Applicant's sentence had discharged
and nothing in the record indicated that Applicant was suffering collateral consequences from his
conviction. Tex. Code Crim. Proc. art. 11.07, § 3(c). Applicant now claims that he was denied his
right to a speedy trial and that trial counsel rendered ineffective assistance.

 Article 11.07, § 4(a) provides: 

 If a subsequent application for writ of habeas corpus is filed after final disposition of
an initial application challenging the same conviction, a court may not consider the
merits of or grant relief based on the subsequent application unless the application
contains sufficient specific facts establishing that:


 (1) the current claims and issues have not been and could not have
been presented previously in an original application or in a previously
considered application filed under this article because the factual or
legal basis for the claim was unavailable on the date the applicant
filed the previous application; or


 (2) by a preponderance of the evidence, but for a violation of the
United States Constitution no rational juror could have found the
applicant guilty beyond a reasonable doubt.


Tex. Code Crim. Proc. art. 11.07, § 4(a). Not every disposition from this Court is a "final
disposition." A "final disposition" of an initial application "must entail a disposition relating to the
merits of all the claims raised. Dispositions relating to the merits should be labeled 'denials' while
dispositions unrelated to the merits should be labeled 'dismissals,' but, regardless of the label given
to a previous disposition, we will look to the substance of that disposition to determine whether a
subsequent writ is barred by § 4." Ex parte Torres, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997).
The trial court found, and the State responded, (1) that this is a subsequent application and that
Applicant made no attempt to explain why he should be excepted from the requirements in § 4. The
dismissal of Applicant's initial application was unrelated to the merits of his ineffective assistance
of counsel claim; it was not a "final disposition" for purposes of § 4. Applicant's claims are not
barred by § 4.

 Article 11.07, § 3(c) provides that "confinement means confinement for any offense or any
collateral consequence resulting from the conviction that is the basis of the instant habeas corpus."
Tex. Code Crim. Proc. art. 11.07, § 3(c). "That an applicant is not in the actual physical custody
of the government at the time of filing does not preclude his application nor deprive the trial court
of jurisdiction to consider it." Ex parte Harrington, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). 
The trial court found that Applicant has "further failed to provide any evidence to show that his
sentence in this case has not been discharged as was determined by the Court of Criminal Appeals
when dismissing his first writ application under this cause number." Under the plain language of §
3(c), Applicant was not required to make this showing. A showing of a collateral consequence,
without more, is sufficient to establish "confinement" under § 3(c). Harrington, 310 S.W.3d at 457.

Because Applicant made this showing, the trial court had jurisdiction to consider the merits of his
claims.

 After considering the merits of Applicant's claims, we conclude that they are without merit.
Relief is denied. 

 

Filed: May 23, 2012

Do not publish
1. In its response, the State also argued that § 4(a) states: "If a subsequent application for a
writ of habeas corpus is filed after filing an initial application, a Court may not consider the
merits of or grant relief based on the subsequent application unless the application contains
sufficient specific facts" that satisfy the requirements in (1) or (2). This, as we explained in Ex
parte Lynch, WR-70,250-02 (Tex. Crim. App. May 5, 2010) (unpublished), is not consistent with
the plain language of § 4(a), which requires that there be a "final disposition" and that the initial
application challenge the same conviction.