IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-79,005-01, -02, -03, -04, -05, -06, -07 & -08






EX PARTE BRANDON HUTCHISON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. D-1-DC-09-301217, D-1-DC-09-301218, D-1-DC-09-301219, 

D-1-DC-09-301220, D-1-DC-09-301221, D-1-DC-09-301222, 

D-1-DC-09-301223 & D-1-DC-09-301224 

IN THE 147TH DISTRICT COURT

FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of eight counts
of aggravated assault and sentenced to imprisonment for two terms of twenty years, one term of ten
years, one term of seven years, two terms of four years, and two terms of two years. He did not
appeal his convictions.

 Applicant contends, among other things, that trial counsel failed to conduct an investigation
and review videos of the offenses. On February 13, 2013, we remanded these applications for a
response from counsel and findings of fact and conclusions of law from the trial court. On remand,
after reviewing counsel's response, the trial court made findings and conclusions and recommended
that we deny relief. 

 We agree that Applicant's grounds in the -02, -06, -07, and -08 applications are without
merit. Accordingly, these applications are denied. Applicant's sentences in the -01, -03, -04, and -05
applications have discharged. We do not have jurisdiction under Article 11.07 if an applicant's
sentences have discharged and he is not confined. "Confinement means confinement for any offense
or any collateral consequence resulting from the conviction that is the basis of the instant habeas
corpus." Tex. Code Crim. Proc. art. 11.07, §3(c); see also Ex parte Harrington, 310 S.W.3d 452,
457 (Tex. Crim. App. 2010) ("That an applicant is not in the actual physical custody of the
government at the time of filing does not preclude his application nor deprive the trial court of
jurisdiction to consider it"). Applicant, however, failed to raise a collateral consequence. 
Accordingly, the -01, -03, -04, and -05 applications are dismissed.

 

Filed: June 12, 2013

Do not publish