IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,644-01






EX PARTE JOSE LUIS PINEDA, AKA JOSE LUIS PINEDA-HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 5141 IN THE 109TH DISTRICT COURT


FROM WINKLER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to two years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that counsel failed to advise him of the deportation
consequences of his guilty plea. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 668 (1984); Padilla v. Kentucky, 559 U.S. 356 (2010). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel to respond to Applicant's claim. 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to: (1) whether
Applicant's sentence has discharged and, if so, he is suffering collateral consequences, Ex parte
Harrington, 310 S.W.3d 452 (Tex. Crim. App. 2010); (2) whether Applicant is subject to mandatory
deportation; (3) what, if anything, Applicant told counsel regarding his citizenship status; (1) (4) what
advice, if any, counsel gave Applicant regarding the deportation consequences of his guilty plea; and
(5) whether counsel's conduct was deficient and, if so, Applicant would have insisted on a trial but
for this deficient conduct. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 26, 2013

Do not publish
1. According to the reporter's record of the plea hearing, Applicant told the trial court that
he was a citizen.