IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,325-01






EX PARTE PAULINO VELASQUEZ-HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2009CR2911-W1 IN THE 399TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted under a plea
agreement of possessing less than one gram of cocaine and was sentenced to incarceration. The
sentence has since discharged, but Applicant alleges that the conviction is adversely affecting his
immigration status in this country. See Ex parte Harrington, 310 S.W.3d 452, 457 (Tex. Crim. App.
2010).

 Applicant contends that his no contest plea was involuntary due to the ineffective assistance
of his trial counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). He argues that, had
counsel informed him of the immigration consequences of the no contest plea, i.e., that a conviction
would prevent him from applying for residency, naturalization, and/or discretionary relief from a
federal removal order, he would not have accepted the plea offer but would have insisted on going
to trial. See Padilla v. Kentucky, 559 U.S. 356, 368-9 (2010). We order that this application be filed
and set for submission, and the parties shall brief the following issue:

 Whether the admonishment given to Applicant under Code of Criminal Procedure
26.13(a)(4)--i.e., the fact that if the defendant is not a citizen of the United States of
America, a plea of guilty or nolo contendere for the offense charged may result in
deportation, the exclusion from admission to this country, or the denial of
naturalization under federal law--when he pled no contest, along with counsel's
explanation of the admonishment, was sufficient in this case to comply with the
requirement that trial counsel give correct advice regarding the immigration
consequences of a non-citizen defendant's plea when the immigration consequences
of such a plea are clear, as held by the Supreme Court of the United States in Padilla
v. Kentucky, 559 U.S. 356 (2010).


 It appears that Applicant is represented by counsel. If that is not correct, the trial court shall
determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant. Tex. Code Crim. Proc. art
26.04. The trial court shall send to this Court, within 60 days of the date of this order, a
supplemental transcript containing: a confirmation that Applicant is represented by counsel; the
order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with
this Court within 120 days of the date of this order.


Filed: October 30, 2013

Do not publish