IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,644-01






EX PARTE JOSE LUIS PINEDA, AKA JOSE LUIS PINEDA-HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 5141 IN THE 109TH DISTRICT COURT


FROM WINKLER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to two years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that trial counsel failed to advise him of the
deportation consequences of his guilty plea. Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Padilla v. Kentucky, 559 U.S. 356
(2010). 

 On June 26, 2013, we remanded this application and directed the trial court to order trial
counsel to respond to Applicant's claim. We also directed the trial court to determine:

 (1) whether Applicant's sentence has discharged and, if so, he is suffering collateral
consequences, Ex parte Harrington, 310 S.W.3d 452 (Tex. Crim. App. 2010); (2)
whether Applicant is subject to mandatory deportation; (3) what, if anything,
Applicant told counsel regarding his citizenship status; (4) what advice, if any,
counsel gave Applicant regarding the deportation consequences of his guilty plea;
and (5) whether counsel's conduct was deficient and, if so, Applicant would have
insisted on a trial but for this deficient conduct. 

 

 On remand, the trial court found, among other things, that Applicant was aware of "possible
immigration problems if he was not a citizen of the United States" and that Applicant told the trial
court during the plea hearing that he was a United States citizen. The trial court also concluded that
a "defendant may not make an agreement and request a court to accept an agreement and complain
with [sic] the court complies with his request."

 We believe the record is not sufficient to resolve Applicant's claim. Applicant appears to
be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim. Proc. art.
26.04. 

 The trial court shall make further findings of fact and conclusions of law as to: (1) whether
Applicant's sentence has discharged and, if so, he is suffering collateral consequences, Ex parte
Harrington, 310 S.W.3d 452 (Tex. Crim. App. 2010); (2) whether Applicant is subject to mandatory
deportation; (3) what, if anything, Applicant told counsel regarding his citizenship status; (4)
whether counsel's advice to Applicant regarding deportation was deficient; (1) and (5) whether
Applicant would have insisted on a trial but for this deficient advice. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 29, 2014

Do not publish
1. In a sworn affidavit, counsel responded: "My clients would ask me if they would be
deported if they entered a plea of guilty and I would tell them that that was strictly a matter for
the United States Immigration Service and I did not know." But in Padilla, the Supreme Court
explained the duties of counsel: "When the law is not succinct and straightforward . . . , a
criminal defense attorney need do no more than advise a noncitizen client that pending criminal
charges may carry a risk of adverse immigration consequences. But when the deportation
consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear."
Padilla, 559 U.S. at 369. We are not able to determine from the record whether Applicant was
subject to mandatory deportation and counsel's advice deficient.