IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,644-01




EX PARTE JOSE LUIS PINEDA, AKA JOSE LUIS PINEDA-HERNANDEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 5141-A IN THE 109TH DISTRICT COURT
FROM WINKLER COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to two years’ imprisonment. He did not appeal his conviction.
            Applicant contends, among other things, that trial counsel failed to advise him of the
deportation consequences of his guilty plea. Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Padilla v. Kentucky, 559 U.S. 356
(2010).  
            On June 26, 2013, we remanded this application and directed the trial court to order trial
counsel to respond to Applicant’s claim. We also directed the trial court to determine:
(1) whether Applicant’s sentence has discharged and, if so, he is suffering collateral
consequences, Ex parte Harrington, 310 S.W.3d 452 (Tex. Crim. App. 2010); (2)
whether Applicant is subject to mandatory deportation; (3) what, if anything,
Applicant told counsel regarding his citizenship status; (4) what advice, if any,
counsel gave Applicant regarding the deportation consequences of his guilty plea;
and (5) whether counsel’s conduct was deficient and, if so, Applicant would have
insisted on a trial but for this deficient conduct. 
 
            On remand, the trial court found, among other things, that Applicant was aware of “possible
immigration problems if he was not a citizen of the United States” and that Applicant told the trial
court during the plea hearing that he was a United States citizen. The trial court also concluded that
a “defendant may not make an agreement and request a court to accept an agreement and complain
[when] the court complies with his request.”
            After reviewing the trial court’s findings and conclusions and the supplemental record, we
concluded that the record was not sufficient to resolve Applicant’s claim. So, on January 29, 2014,
we remanded this application a second time. We directed the trial court to determine:
(1) whether Applicant’s sentence has discharged and, if so, he is suffering collateral
consequences, Ex parte Harrington, 310 S.W.3d 452 (Tex. Crim. App. 2010); (2)
whether Applicant is subject to mandatory deportation; (3) what, if anything,
Applicant told counsel regarding his citizenship status; (4) whether counsel’s advice
to Applicant regarding deportation was deficient; and (5) whether Applicant would
have insisted on a trial but for this deficient advice.
 

            The trial court determined that Applicant was suffering collateral consequences and subject 
to mandatory deportation. The trial court also described the contents of counsel’s and Applicant’s
affidavits. The trial court did not determine, however, whether counsel’s and Applicant’s affidavits
were credible, whether counsel’s advice was deficient, and whether Applicant would have insisted
on a trial but for counsel’s advice. Although this Court is the ultimate factfinder, the trial court is
the original factfinder and 
is the collector of the evidence, the organizer of the materials, the decisionmaker as
to what live testimony may be necessary, the factfinder who resolves disputed fact
issues, the judge who applies the law to the facts, enters specific findings of fact and
conclusions of law, and may make a specific recommendation to grant or deny relief.
 
Ex parte Simpson, 136 S.W.3d 660, 668 (Tex. Crim. App. 2004). The trial court shall determine
whether counsel’s and Applicant’s affidavits are credible, whether counsel’s advice was deficient
under Padilla,


 and whether Applicant would have insisted on a trial but for counsel’s advice. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 45 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 
Filed: April 2, 2014
Do not publish