

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,288

## EX PARTE ALAN EUGENE HARRINGTON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 12,154-A IN THE 21ST DISTRICT COURT
## BASTROP COUNTY

**COCHRAN, J., delivered the opinion of the unanimous Court.**

## <u>OPINION</u>

The issue in this case is whether post-conviction habeas-corpus relief is available under Article 11.07[1] if an applicant has discharged his sentence, but continues to suffer collateral consequences arising from the conviction. We hold that it is.

In this case, applicant contends that habeas corpus lies because his plea was involuntary due to counsel's ineffectiveness in failing to investigate a prior DWI conviction

---

[1] TEX. CODE CRIM. PROC. art. 11.07.

used to enhance applicant's misdemeanor DWI charge to a felony charge.[2]  He claims that he is confined as a result of his conviction and is thus entitled to habeas relief.  We find that because applicant currently suffers collateral consequences arising from his conviction, he is "confined" for the purpose of seeking habeas relief under article 11.07.  We also adopt the trial judge's Agreed Findings of Fact (which are supported by the record) and his recommendation to grant relief on applicant's involuntary-plea claim.

## I.  Background

Applicant was arrested in Bastrop County for DWI in February 2006 and was indicted for Felony DWI.[3]  The indictment listed two prior DWI convictions as reflected in applicant's criminal-history report for the purpose of enhancement: the first, in Austin County in 1986; the second, in Travis County in 2003.  In May 2006, upon the advice of his attorney, applicant pleaded guilty to the felony DWI and received probation.  Applicant's probation was later revoked, and he was sentenced to two years in prison and a $2,500 fine.

Prior to entering his guilty plea, applicant told his appointed attorney that the 1986 conviction did not belong to him and was mistakenly listed on his criminal-history report.

---

[2] Applicant's sole ground for relief stated that "Applicant's plea was not voluntary and intelligent, but rather was the fruit of ineffective assistance of counsel.  Applicant's trial counsel failed to investigate prior alleged convictions used to enhance applicant's misdemeanor charge to a felony charge.  One of the prior convictions used for enhancement purposes was not the Applicant's conviction and appeared mistakenly on his criminal history."

[3] TEX. PEN. CODE §§ 49.04, 49.09.  DWI is a Class B misdemeanor unless it is shown that an offender has a previous conviction for a similar offense.  Evidence of one previous conviction enhance the offense to a Class A misdemeanor; two previous convictions enhances the offense to a third-degree felony.

The conviction actually belonged to Jesse Armistead, a man who had dated applicant's sister and had stolen applicant's driver's license. Armistead was arrested for DWI, presented applicant's driver's license and identified himself as applicant to police. He was convicted of DWI under applicant's name.[4] Although applicant had given his attorney this information, that attorney failed to investigate the prior conviction and advised applicant to plead guilty to the felony DWI. According to applicant, his attorney told him "that the District Attorney would just refile the case and that [he] would be found guilty anyway." Applicant followed his attorney's mistaken advice. Seven days later, the Austin County Criminal District Attorney sent applicant a letter confirming applicant's version of the 1986 DWI.[5]

In July 2008, the Austin Police Department conducted a fingerprint analysis, which confirmed that applicant was not the person attached to the 1986 conviction. In 2009, applicant filed a habeas-corpus application under article 11.07, seeking relief from the 2006 conviction. He contended that his plea was not voluntary because it was the fruit of ineffective assistance of counsel. We remanded this case to the trial court to determine (1) if applicant had discharged his sentence; and (2) whether he was suffering any specific collateral consequences as a result of the 2006 conviction. After an evidentiary hearing, and with the agreement of the State, the trial court entered its findings and conclusions, including

---

[4] The trial judge made an explicit finding that applicant had been the "victim of identity theft" by Jesse Armistead.

[5] That letter stated that "Jesse Armistead was booked into the Austin County Jail using [applicant's] name" and later pled guilty to DWI, again using applicant's name.

the following:

- The applicant is not in custody and his sentence for his felony conviction has been discharged.

- As a result of the applicant's wrongful conviction for a felony DWI he has suffered the following collateral consequences:

  a.   Loss of his job with the Texas Workforce Commission due to his incarceration as a result of his wrongful felony conviction;
  b.   Loss of job opportunities due to his criminal felon status;
  c.   Loss of his right to vote during his incarceration and parole period;
  d.   Loss of his right to run for an elected public office;
  e.   Loss of his right to possess firearms.

- The applicant may be affected by future collateral consequences as a result of his felony DWI conviction. Those consequences may include:

  a.   Enhanced penalties should he be charged and convicted of a subsequent felony offense;
  b.   Enhanced penalty for any subsequent DWI conviction;
  c.   Possible impeachment of the applicant's credibility in a judicial hearing as a result of a felony conviction within 10 years of his testimony should he be called to testify under the Texas Rules of Evidence.

- With only one valid prior DWI conviction in the indictment in this cause, the applicant could not be convicted of Felony Driving While Intoxicated.

- The felony conviction in this cause should be set aside.

- The applicant should be convicted of Class A Misdemeanor Driving While Intoxicated.

In sum, the trial court found, and the record supports, that applicant lost his long-time

job with the Texas Workforce Commission as a result of his felony conviction. He testified

that he attempted to find new employment at the University of Texas in the Information Technology field, but once he admitted that he had a felony DWI conviction, he was not allowed to continue with the application process. He is currently a construction worker. Applicant also testified that, if the 2006 felony conviction remains on his record, he will continue to be prevented from obtaining other jobs for which he would otherwise be qualified. The trial judge further found that applicant was wrongfully convicted of felony DWI and recommended setting the conviction aside. The State agreed that applicant was entitled to relief.

## II. Collateral Consequences

### A. Jurisdiction

Under Article 11.07, a person who files a habeas-corpus application for relief from a final felony conviction must challenge either the fact or length of confinement.[6] In this case, the question is whether a person who has discharged his sentence prior to filing an application, but who continues to suffer collateral consequences arising from the challenged conviction, is entitled to seek post-conviction habeas relief under Article 11.07.

Article 11.07, which sets forth the procedure for non-death-penalty felony cases, provides that "it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's

---

[6] *Ex parte Lockett*, 956 S.W.2d 41, 42 (Tex. Crim. App. 1997).

confinement."[7]  Prior to 1995, the statute did not define "confinement."  In 1987, this Court held, in *Ex parte Renier,* that an applicant who alleges only that he is under "restraint," but who is not "in custody" at the time of filing, is precluded from seeking relief under Article 11.07.[8]  We concluded that, "unless an applicant is confined pursuant to a commitment for a felony conviction, a postconviction application for habeas corpus relief from collateral consequences of another conviction will not lie under Article 11.07."[9]

But in 1995, the statute was amended to eliminate *Ex parte Renier*'s construction of "confinement" as requiring literal confinement.[10]  Article 11.07, § 3(c), now explicitly provides that "confinement means confinement for any offense *or any collateral consequence* resulting from the conviction that is the basis of the instant habeas corpus."[11]  Thus, a showing of a collateral consequence, without more, is now sufficient to establish "confinement" so as to trigger application of art. 11.07.  That an applicant is not in the actual physical custody of the government at the time of filing does not preclude his application nor deprive the trial court of jurisdiction to consider it.[12]

---

[7] Art. 11.07, § 3(c).

[8] *Ex parte Renier*, 734 S.W.2d 349, 353 (Tex. Crim. App. 1987).

[9] *Id.*

[10] Acts of May 24, 1995, 74th Leg., R.S., ch. 319, § 5, sec. 3(c), 1995 Tex. Gen. Laws 2764, 2771 (eff. Sept. 1, 1995) (current version at TEX. CODE CRIM. PROC. art. 11.07, § 3(c)).

[11] TEX. CODE. CRIM. PROC. art 11.07, § 3(c) (emphasis added).

[12] *See Ex parte Alba*, 256 S.W.3d 682, 695-96 (Tex. Crim. App. 2008) (Price, J., dissenting) (concluding that, in light of the 1995 amendment, "[i]t is doubtful . . . that literal

**B.**    **Standard of Review**

The trial judge is the original factfinder in habeas corpus proceedings.[13] Although this Court is the ultimate factfinder, "in most circumstances, we will defer to and accept a trial judge's findings of fact and conclusions of law when they are supported by the record."[14] We similarly defer to any implied findings and conclusions supported by the record.[15]

**C.**    **Application**

The trial judge found that applicant suffers current and potential future consequences

confinement is even a prerequisite to post-conviction habeas relief under Article 11.07 anymore"); *Ex parte Chi*, 256 S.W.3d 702, 710 (Tex. Crim. App. 2008) (Price, J., dissenting) (same); *Lebo v. State*, 90 S.W.3d 324, 327 n.8 (Tex. Crim. App. 2002) (citing the amendment, noting that "the Legislature is [thus] well aware of the general use of the word 'confinement' and perfectly capable of expanding that definition when it deems it appropriate."); *Ex parte Okere*, 56 S.W.3d 846, 853 (Tex. App.—Fort Worth 2001, pet. ref'd) (holding that, due to the amendment, "*Ex parte Renier*'s 'in custody' definition of 'confinement' is no longer viable, even for an applicant seeking relief under article 11.07."); *State v. Collazo*, 264 S.W.3d 121, 126-27 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("The terms 'confinement' and 'restraint' encompass incarceration, release on bail or bond, release on community supervision or parole, or any other restraint on personal liberty"); (applicant was "confined" because he was denied the opportunity to obtain a Texas peace-officer license).

[13] *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008); *Ex parte Simpson*, 136 S.W.3d 660, 668-69 (Tex. Crim. App. 2004) (the trial judge "is the collector of the evidence, the organizer of the materials, the decisionmaker as to what live testimony may be necessary, the factfinder who resolves disputed factual issues, the judge who applies the law to the facts, enters specific findings of fact and conclusions of law, and may make a specific recommendation to grant or deny relief. This Court then has the statutory duty to *review* the trial court's factual findings and legal conclusions to ensure that they are supported by the record and are in accordance with the law. We are not the convicting trial court, and we are not the original factfinders.") (footnote omitted) (emphasis in original).

[14] *Ex parte Reed*, 271 S.W.3d at 727; *see also Ex parte Van Alstyne*, 239 S.W.3d 815, 817 (Tex. Crim. App. 2007).

[15] *Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006).

arising from his 2006 conviction, including the loss of his job and other suitable employment opportunities; loss of his right to run for public office; loss of his right to possess firearms; enhanced penalties for any future convictions; and potential impeachment of his credibility in future judicial hearings.  The record supports the trial judge's findings concerning the adverse consequences to applicant's present and future employment opportunities.  We agree with the trial judge's finding that applicant is "confined" for purposes of article 11.07.[16] Therefore, this Court has jurisdiction to consider the merits of his claim.

### III. Involuntary Plea

Applicant argues that his plea was involuntary because of unconstitutionally ineffective assistance of counsel.[17] He claims that, but for his attorney's failure to investigate the alleged prior convictions used to enhance the offense, he would not have pleaded guilty to the felony charge.

---

[16] An applicant seeking habeas relief should allege with specificity the facts establishing his confinement–the details of his physical custody or the nature of collateral consequences he suffers–lest his application be dismissed for lack of jurisdiction.  *See, e.g.*, *Ex parte Wongjaroen*, No. 14-07-00593-CR, 2008 Tex. App. LEXIS 8319, *10-11 n.2 (Tex. App.—Houston [14th Dist.] Nov. 6, 2008, pet. ref'd) (not designated for publication) (applicant provided no evidence or supporting facts of the confinement alleged in her affidavit, thus the court was "unconvinced" that her application was sufficient to invoke the jurisdiction of the trial court; nonetheless addressing the merits in "an abundance of caution.").

[17] *Rouse v. State,* 300 S.W.3d 754, 762 n.17 (Tex. Crim. App. 2009) (a claim of involuntary plea may be raised on habeas corpus, as the claim may be supported by information from sources broader than the appellate record).

**A.    Law**

A defendant has a Sixth Amendment right to the effective assistance of counsel in guilty-plea proceedings.[18]   To obtain habeas-corpus relief for ineffective assistance of counsel under *Strickland v. Washington*, an applicant must show that his counsel's performance was unconstitutionally deficient and "that there is a 'reasonable probability'–one sufficient to undermine confidence in the result–that the outcome would have been different but for his counsel's deficient performance."[19]  Specifically, when a person "challenges the validity of a plea entered upon the advice of counsel, contending that his counsel was ineffective, 'the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty'" to the charged offense and would have insisted on going to trial.[20]

A criminal-defense attorney "must have a firm command of the facts of the case" before he or she may render reasonably effective assistance of counsel.[21]  Counsel has a duty to provide advice to his client about what plea to enter, and that advice should be informed

---

[18] *Ex parte Reedy*, 282 S.W.3d 492, 500-01 (Tex. Crim. App. 2009).

[19] *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

[20] *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999) (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)); *Reedy*, 282 S.W.3d at 500.

[21] *Ex parte Wellborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

by an adequate investigation of the facts of the case[22] or be based on a reasonable decision that investigation was unnecessary.[23]    When counsel's representation falls below this standard, it renders any resulting guilty plea involuntary.[24]

A claim of ineffective assistance of counsel must be determined upon the particular circumstances of each individual case.[25]    Strategic or tactical considerations are not considered deficient "unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'"[26]  But "[w]hen no reasonable trial strategy could justify the trial counsel's conduct, the counsel's performance falls below an objective standard of reasonableness as a matter of law."[27]    And although this Court "has been hesitant to 'designate any error as per se ineffective assistance of counsel as a matter of law,' it is possible that a single egregious error of omission or commission by [applicant]'s counsel constitutes ineffective assistance."[28]  We have found, on some occasions, that counsel's

---

[22] *Reedy*, 282 S.W.3d at 500.

[23] *Goodspeed v. State*, 187 S.W.3d 390, 392-93 (Tex. Crim. App. 2005).

[24] *Reedy*, 282 S.W.3d at 500.

[25] *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985).

[26] *Goodspeed*, 187 S.W.3d 390, 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App 2001)).

[27] *Freeman v. State*, 125 S.W.3d 505, 512 (Tex. Crim. App. 2003) (Price, J., dissenting) (citing *Strickland*, 466 U.S. at 690).

[28] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (quoting *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985)).

failure to challenge a prior conviction improperly used to enhance a charge to be one such error.[29]

**B.    Application**

In this case, applicant told his appointed attorney that the 1986 conviction did not belong to him. Nevertheless, counsel failed to conduct even a cursory investigation into the alleged prior conviction, an allegation that enhanced the offense from a misdemeanor to a felony. Then, without having researched the facts of his case, he advised his client to enter a plea of guilty "because the District Attorney would just re-file the case." Indeed he would; but he would re-file it as a misdemeanor, not as a felony, and there is an enormous distinction between the two. Because the record reveals no reasonable strategy in counsel's failure to investigate or in his advice to applicant to plead guilty to felony DWI, we conclude that counsel's conduct fell below the wide range of attorney competence as a matter of law.[30]

Our next inquiry is whether applicant's decision to plead guilty was a result of counsel's deficient performance. Applicant testified that his decision to plead guilty was

---

[29] *See Ex parte Felton*, 815 S.W.2d 733, 735-36 (Tex. Crim. App. 1991) (failure to challenge a void prior conviction used to enhance punishment rendered counsel ineffective); *Ex parte Scott*, 581 S.W. 2d 181 (Tex. Crim. App. 1979) (ineffective assistance where counsel failed to adequately investigate applicant's prior conviction and failed to know the law to be applied to that prior conviction).

[30] *Ex parte Felton*, 815 S.W.2d at 735-36; *see also Ex parte Langley,* 833 S.W.2d 141, 143-44 (Tex. Crim. App. 1992) (counsel who failed to make even a cursory investigation into whether prior "shock probation" conviction used for enhancement purpose was a "final" one was constitutionally ineffective; relief granted).

based entirely on his attorney's advice that he do so. Moreover, the trial court made findings favorable to applicant and recommended that his felony conviction be set aside. Based on our review of the record and in light of the trial court's express and implied findings,[31] we find that applicant has met his burden of showing a reasonable probability that, but for counsel's erroneous advice, he would not have entered a guilty plea. We thus agree with the trial judge who found that applicant's "plea was involuntarily made back on May 10, 2006."

## IV. Conclusion

Because the trial judge found that applicant suffers collateral consequences, applicant has established that he is "confined" under article 11.07. Applicant's guilty plea was the result of ineffective assistance of counsel and was thus involuntary. Moreover, the parties and the trial judge all agree that applicant was wrongly convicted of a felony DWI when he should have been convicted of only a misdemeanor DWI. We therefore grant relief and remand this case to the trial court for re-sentencing as a Class A misdemeanor.

Delivered: May 26, 2010

Publish

---

[31] The trial judge also explicitly found "that there are not any other prior Driving While Intoxicated convictions that are available for enhancement purposes. . . . So, therefore, the Court finds, as a matter of law, that this is a wrongful felony conviction for Mr. Harrington, as a matter of law."