

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

No. 04-11-00175-CR

Ex Parte Gregorio **ROMERO**

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 3427-B
Honorable N. Keith Williams, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 20, 2013

AFFIRMED

On June 9, 1998, Gregorio Romero pled nolo contendere to aggravated assault of a child and was placed on deferred adjudication community supervision for ten years. Following his conviction, Romero, who is not a United States citizen, was deported. On March 8, 2010, Romero filed an application for writ of habeas corpus asserting, among other things, that trial counsel was ineffective in failing to advise him of the immigration consequences of his plea. Romero further asserted that had his trial counsel advised him that his conviction would result in his deportation, he would not have pled nolo contendere to aggravated sexual assault of a child and he would have insisted on going to trial. The trial court denied habeas corpus relief, and Romero appealed to this court.

We originally reversed the trial court's judgment, holding Romero met his burden of proving ineffective assistance of counsel in accordance with *Padilla v. Kentucky*, 130 S.Ct. 1473, 1486 (2010).[1] The Court of Criminal Appeals subsequently vacated our judgment and remanded the case for us to consider whether the trial court properly denied habeas relief in light of its opinion in *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013). We affirm.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In *Padilla*, the United States Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation." 130 S.Ct. at 1486. The Court further held that the nature of the advice to be given depends on the applicable immigration law. *See id*. at 1483. When the immigration consequence is "truly clear," counsel has a duty to give correct advice about this consequence, and the failure to do so satisfies the first part of an ineffective assistance of counsel claim. *Id*. When establishing this type of ineffective assistance of counsel claim—a claim related to counsel's performance during the plea process—a habeas applicant must also establish that but for counsel's deficient performance he would not have pled to the offense, but would have instead insisted on going to trial. *See Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010).

In *Chaidez v. United States*, the United States Supreme Court determined that it "announced a new rule in *Padilla*" and therefore "defendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding." 133 S.Ct. 1103, 1113 (2013). In other words, *Padilla* does not apply retroactively. *See id*. Thereafter, in *De Los Reyes*, the Texas Court of Criminal Appeals declined to accord retroactive effect to *Padilla* as a matter of state habeas law.

---

[1]We also addressed and overruled Romero's two other issues pertaining to the trial court's denial of habeas corpus relief.

392 S.W.3d at 679. "We adhere to the retroactivity analysis in *Chaidez* and its holding that *Padilla* does not apply retroactively." *Id*.

In our original opinion, decided before *Chaidez* and *De Los Reyes*, we applied *Padilla* and determined that the immigration consequences of Romero's plea to the offense of aggravated assault of a child were "truly clear," and therefore, trial counsel had a duty to advise Romero of these consequences. We further determined that Romero met his burden of demonstrating that but for counsel's failure to advise him of the immigration consequences of his plea, he would not have entered a plea, but would have gone to trial. However, *Padilla* was decided on March 31, 2010, more than eleven years **after** Romero's conviction became final. Because the United States Supreme Court and the Texas Court of Criminal Appeals have held that *Padilla* does not apply retroactively to cases that are already final on direct review, we hold that Romero may not rely on *Padilla* to establish ineffective assistance of counsel. *See Chaidez*, 133 S.Ct. at 1113; *De Los Reyes*, 392 S.W.3d at 679.

On remand, Romero has filed a supplemental brief in which he argues *Chaidez* and *De Los Reyes* are not controlling here because trial counsel not only failed to inform him of the immigration consequences of his plea, but also affirmatively misadvised him. But Romero's argument that trial counsel affirmatively misadvised him was not presented in his habeas corpus application filed in the trial court. Because this argument was not presented to the trial court, it was not properly preserved and it presents nothing for our review. *See* TEX. R. APP. P. 33.1 (a) (1) (providing that as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court).

Finally, in his original briefing, Romero argued trial counsel was ineffective in failing to conduct a diligent investigation of the facts surrounding the case. We did not reach this issue in our original opinion, and therefore, we address it here. Generally, to establish ineffective assistance

of counsel, a habeas applicant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 104 S.Ct. 2052, 2064 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.*

Here, the habeas record contains an affidavit from trial counsel in which he detailed his actions in investigating the facts surrounding this case. In this affidavit, trial counsel states he interviewed each and every fact witness, some of them multiple times. Trial counsel further states he was prepared to go to trial long before the trial date. Based on the evidence before it, the trial court could have concluded that trial counsel conducted a diligent investigation of the facts surrounding this case. Further, the trial court could have concluded that Romero failed to satisfy his burden of establishing that trial counsel was ineffective in failing to conduct a diligent investigation.

We hold the trial court did not err in overruling Romero's ineffective assistance of counsel claim. We overrule Romero's appellate issue asserting he was provided ineffective assistance of counsel.

**CONCLUSION**

Having overruled all of the issues presented in this appeal, we affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish