**Affirmed and Memorandum Opinion filed July 3, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00765-CR

## EX PARTE BLANCA CASTILLO SANCHEZ

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 66843-A**

## M E M O R A N D U M   O P I N I O N

Blanca Castillo Sanchez appeals an order denying her post-conviction application for a writ of habeas corpus on the ground that she received ineffective assistance of counsel. Concluding that appellant failed to prove she was prejudiced by any alleged deficient performance of counsel, we affirm.

## I. BACKGROUND

In March 2012, appellant, a citizen of Mexico, pleaded guilty, pursuant to a plea agreement, to the state jail felony offense of aggregated theft of property having a value of at least $1,500 but less than $20,000. The trial court placed

appellant on deferred-adjudication community supervision for three years, assessed a fine, and ordered appellant to make restitution. Appellant's evidence indicates that, in January 2013, an immigration judge ordered that appellant be deported.

Subsequently, appellant filed an application for writ of habeas corpus, contending her plea counsel was ineffective by failing to advise appellant regarding the immigration consequences of her guilty plea. The trial court did not hold a hearing but considered the application based on the written evidence and took judicial notice of its file. On July 25, 2013, the trial court signed an "Amended Order and Findings of Fact," denying the habeas corpus application.[1]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle her to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), overruled on other grounds by *Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id.* The trial court is the original fact finder in a habeas corpus proceeding. *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the factual findings are based on an evaluation of credibility and demeanor. *Peterson*, 117 S.W.3d at 819. We afford the same deference to the trial

---

[1] The order was entitled "Amended" because the trial court (1) withdrew one previous order after appellant complained she lacked an opportunity to submit affidavits, and (2) withdrew another previous order based on an error therein.

2

court's application of law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *Id.* If resolution of the ultimate questions turns on application of legal standards, we review the decision *de novo*. *See id.*

The test for determining the validity of a guilty plea is whether it represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). The two-pronged *Strickland* test applies when a habeas applicant challenges a guilty plea based on ineffective assistance of counsel. *Ex Parte Luna*, 401 S.W.3d 329, 333 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The applicant must show by a preponderance of the evidence (1) plea counsel's performance fell below the objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *see Luna*, 401 S.W.3d at 333.

In *Padilla v. Kentucky*, the Supreme Court of the United States held that "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. 356, 374 (2010). Counsel's performance is deficient under the first *Strickland* prong if counsel fails to advise a noncitizen client about deportation consequences that are "truly clear." *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Padilla*, 559 U.S. at 368–69; *Aguilar v. State*, 375 S.W.3d 518, 524 (Tex. App.—Houston [14th Dist.] 2012), *rev'd on other grounds*, 393 S.W.3d 787 (Tex. Crim. App. 2013)). Thus, plea counsel is deficient if counsel merely mentions the possibility of deportation when the relevant

immigration provisions are presumptively mandatory. *Id.* (citing *Aguilar*, 375 S.W.3d at 524). However, a defendant complaining that plea counsel failed to advise her regarding such deportation consequences must also satisfy the second *Strickland* prong by proving prejudice. *See Strickland*, 466 U.S. at 697; *Luna*, 401 S.W.3d at 333. Under that prong, the defendant must show there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Harrington*, 310 S.W.3d at 458. This standard requires the defendant to show that a decision to reject the plea agreement would have been rational under the circumstances. *See Padilla*, 559 U.S. at 372; *Fassi*, 388 S.W.3d at 886–87.

### III. ANALYSIS

In two interrelated issues, appellant contends that plea counsel failed to properly advise appellant regarding the immigration consequences of her guilty plea. Appellant complains that counsel advised appellant the plea "could" result in deportation rather than advising the plea would "probably" or was "almost certain to" result in deportation or that deportation was "mandatory." Appellant argues that, if counsel had advised appellant regarding the "actual" immigration consequences, instead of the "possibilities," appellant would have rejected the plea bargain and insisted on proceeding to trial.

### A.    The Evidence and the Trial Court's Findings

To support her habeas application, appellant relied on her own affidavit, affidavits of plea counsel and an immigration attorney, and a Harris County district court form.

In her affidavit, appellant averred, in pertinent part:

> I was advised by my appointed attorney . . . to enter a plea of guilty to the felony theft and received three (3) years state jail deferred

adjudication probation. At her instructions[,] I signed the necessary court documents and entered a plea of guilty to the judge and was sentenced. I had previously informed [plea counsel] that I was from Mexico and not a citizen.

[Plea counsel] was not an experienced immigration attorney and told me nothing of the legal consequences under the immigration laws of the U.S. to the plea of guilty I made. Had she done so, I would have refused to make the plea and insisted on a trial as that would have been my only alternative to avoid deportation.

Plea counsel executed two affidavits relative to the habeas application: one submitted by appellant; and a separate one filed by counsel in response to a trial court order. In these affidavits collectively, counsel swore that (1) during discussions before the plea, appellant admitted she was in the United States illegally, (2) while reviewing the proposed plea documents, counsel advised appellant that the plea would be treated as a conviction by immigration authorities and she "could be" deported, (3) counsel advised appellant to contact an immigration attorney "if she was not sure," (4) counsel advised nothing more than what the plea documents stated and performed no research on appellant's specific immigration situation, and (5) it is counsel's policy to explain to a non-citizen client that an illegal resident has no right to contest deportation proceedings.

The affidavit of the immigration attorney indicates she was retained solely to provide an opinion for purposes of the habeas application. The attorney explained that (1) appellant's plea and deferred adjudication subjected her to deportation, (2) she was ordered deported as a result of the conviction, and (3) any "competent criminal attorney" would have sought advice from immigration counsel before recommending that appellant plead guilty. *See State v. Guerrero*, 400 S.W.3d 576, 587–88 (Tex. Crim. App. 2013) (recognizing guilty plea resulting in deferred adjudication is final for purposes of federal immigration law and *Padilla* applies

even when adjudication is deferred and the charges are later dismissed); *see also* 8 U.S.C. § 1101(a)(48).

Finally, appellant submitted a blank form purportedly used by Harris County district courts to inform defendants of immigration consequences of pleas in accordance with *Padilla*.

In its answer to the habeas application, the State presented the transcript of appellant's plea proceeding, and the trial court took judicial notice of the transcript. The following exchange occurred during the proceeding:

| | |
|---|---|
| THE COURT: | Are you a citizen of the United States of America? |
| [APPELLANT]: | No. |
| THE COURT: | Do you understand that by proceeding with this plea you can be subject to deportation? |
| [APPELLANT]: | Yes. |
| THE COURT: | And if you are deported you would be denied reentry into the United States. |
| [APPELLANT]: | Yes. |
| THE COURT: | And you will be denied the right to become a United States citizen.  Do you understand all that? |
| [APPELLANT]: | Yes. |
| THE COURT: | Have you and your attorney discussed the probability that you will be deported? |
| [APPELLANT]: | Yes. |
| THE COURT: | **And even if you are deported do you still wish to go forward with this plea?** |
| [APPELLANT]: | **Yes.** |
| THE COURT: | **Even if you will be deported you still want to go forward?** |
| [APPELLANT]: | **Yes.** |

| | |
|---|---|
| THE COURT: | [Counsel], in your opinion is your client competent to stand trial? |
| [COUNSEL]: | I believe she is, Your Honor. |
| THE COURT: | In your opinion did she fully understand the immigration consequences of this plea? |
| [COUNSEL]: | I believe she did. We went over it in my office and then again last week when we -- or earlier this week when we went over the plea papers. |
| * * * | |
| THE COURT: | All right. Based on the evidence and testimony before me **I am going to find** that you are a citizen -- that while you are not a citizen of the United States of America you have been properly advised as to the consequences of your plea and **that you have elected voluntarily to go forward with your plea even if this results in your deportation**, that you are competent to stand trial, that the evidence is sufficient to sustain your conviction beyond a reasonable doubt, that jurisdiction and venue are proper and that you have been properly arraigned. **Do both you and your attorney agree and acknowledge that all of these findings by the Court are true and correct?** |
| [APPELLANT]: | **Yes**. |
| [COUNSEL]: | We do, Your Honor. |

(emphasis added).

In the order denying the habeas application, the trial court made, inter alia, the following findings of fact:

4) [Before the guilty plea] while reviewing the plea papers with [appellant], [counsel] explained to her that although she was not being found guilty in the present case in the State Court, her plea could result in her deportation.

7

6) [Appellant] was duly admonished by this Court at the time of [appellant's] plea that the plea of guilty could result in her deportation, or act as a bar to her re-entering the United States should she ever choose to leave this country. [Appellant] told the Court that she and her attorney had discussed the probability that she would be deported and twice told the Court that she wished to proceed with the plea even if she would be deported.

7) [Appellant] and her counsel both agreed and acknowledged that the Court's findings that "while you are not a citizen of the United States of America you have been properly advised as to the consequences of your plea and that you have elected voluntarily to go forward with your plea even if this results in your deportation" was true and correct.

After reciting those findings, the trial court concluded as a matter of law that "there is no evidence that the alleged deficient performance of . . . counsel in any way prejudiced her case." Then, the court reiterated the following finding (separate from the enumerated findings):

[Appellant] was duly admonished, both prior to and at the time of her plea, of the fact that her guilty plea in this matter could result in her removal or deportation from the United States, and that she insisted on going forward with the plea even if it resulted in her deportation.

Therefore, the trial court essentially concluded that, even if counsel performed deficiently by advising appellant only that she "could" be deported, appellant wished to plead guilty even if it meant she would be deported.

## B. Appellant's Failure to Prove Prejudice

Preliminarily, we note that, in one finding (No. 4), the trial court stated that counsel advised appellant she "could" be deported. However, in another finding (the second sentence of No. 6), the trial court stated that appellant represented at the plea proceeding that counsel informed her of the "probability" she "would" be deported—language more consistent with the advice appellant claims she should

have received although not as strong as the "almost certain to" or "mandatory" language that was allegedly lacking. The above-cited transcript supports this finding. Regardless, we need not consider whether counsel gave advice sufficient to comply with *Padilla* because we uphold the trial court's decision that appellant failed to satisfy the second *Strickland* prong. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

The only evidence supporting appellant's claim of prejudice is her averment that, if she had been informed of the immigration consequences, she "would have refused to make the plea and insisted on a trial as [her] only alternative to avoid deportation." Appellant argues that the record contains no evidence discounting her averment. However, the trial court was free to reject appellant's averment as not credible, and we must defer to that determination because it is supported by the record. *Peterson*, 117 S.W.3d at 819.[2]

We first note that appellant's initial averment that counsel "said nothing" about the immigration consequences is in sharp contrast to (1) counsel's affidavits, and (2) appellant's representations at the plea proceeding that counsel at least advised the plea "could," or there was a "probability" it would, result in deportation. We recognize this inconsistency is directly relevant to whether

---

[2] In an additional finding of fact, the trial court stated, "[Appellant] did not file an affidavit in response to the Court's Order and her application cannot be considered as an affidavit as it is only sworn to 'on information and belief' by [appellant's] attorney and as such the verification is defective to constitute an affidavit." The trial court was apparently referencing that appellant did not file an additional affidavit in response to the court's previous order stating it would consider the application based on affidavits and ordering appellant and plea counsel to submit affidavits. However, appellant did file an affidavit with her application. We will assume, without deciding, that the trial court considered that affidavit because we uphold its decision to reject appellant's averment in that affidavit pertinent to the prejudice issue.

9

counsel's performance was deficient (whether the advice was sufficient) rather than the prejudice inquiry. Nevertheless, the trial court could have considered this inconsistency to question appellant's overall credibility on all issues, including her averment that she would not have pleaded guilty if she had been advised of the immigration consequences.

Additionally, the transcript contains evidence negating appellant's averment. Specifically, the trial court's questions were not limited to ascertaining whether appellant wished to plead guilty even if it meant she "could" be deported. Instead, in the above-emphasized portions, the trial court confirmed appellant wished to plead guilty even if it meant she **would** be deported.

Appellant suggests the trial court's admonishments do not substitute for the requirement that counsel explain the immigration consequences because the period critical to appellant's plea decision was the counseling phase. However, we do not consider the trial court's admonishments as a substitute for the performance required of counsel or hold that they cured any prejudice as a matter of law. Rather, we rely on the exchange between appellant and the trial court as contradicting her averment that she would not have pleaded guilty if she had known it would result in deportation.

Additionally, appellant presented no evidence that it would have been rational to reject the plea agreement and proceed to trial if counsel had properly advised her regarding the immigration consequences of the plea. The plea resulted in deferred adjudication and no jail time. If appellant had been found guilty after a trial, the punishment range was confinement in state jail for 180 days to two years. *See* Tex. Penal Code Ann. § 12.35(a) (West Supp. 2013). Appellant was subject to deportation under either scenario, even if she received probation after a guilty verdict. *See Luna*, 401 S.W.3d at 335; *see also* 8 U.S.C. § 1101(a)(48). Thus,

appellant risked a harsher penalty plus deportation if she were found guilty after a trial. Appellant does not maintain her innocence or assert and present any evidence that she had a plausible defense to the charge. In fact, at the plea proceeding, appellant acknowledged she was pleading guilty because she **was** guilty. The record is otherwise silent regarding the strength of the State's case. Accordingly, appellant has not shown it would have been more rational to proceed to trial because there was a likelihood of acquittal and thus avoiding deportation.[3] *See Ex Parte Chavez*, No. 05-12-01234-CR, 2013 WL 2726013, at *4 (Tex. App.—Dallas Feb. 13, 2013, no pet.) (mem. op., not designated for publication), *cert. denied*, 134 S. Ct. 527, 187 L. Ed. 2d 368 (2013) (holding habeas applicant did not show prejudice from counsel's alleged failure to warn of deportation consequences of guilty plea where record was silent on strength of State's case, appellant presented no evidence she had a defense, and thus record supported that appellant would face same deportation consequences after imprisonment that she faced by accepting plea bargain and receiving deferred adjudication).

Moreover, appellant presented no specific evidence that avoiding deportation was her primary concern and thus she was willing to risk a jury trial and a harsher penalty to possibly obtain an acquittal and avoid deportation. The trial court could have inferred that avoiding deportation was not appellant's primary concern because (1) she did not follow plea counsel's recommendation to consult an immigration attorney if she were concerned about that issue, and (2) at the plea proceeding, she did not express any concern about deportation after the

_____

[3] The dialogue at the plea proceeding indicates appellant was charged with theft for allegedly providing false information when obtaining food stamps. A case report from the Texas Health and Human Services Commission was presented at the proceeding. However, the report is not attached to the transcript of the proceeding presented by the State in answer to the habeas application or otherwise in the record. Regardless, it was appellant who bore the burden to show a reasonable probability she might have avoided deportation by proceeding to trial because she was not guilty of the offense. *See Strickland*, 466 U.S. at 694; *Richardson*, 70 S.W.3d at 870.

11

trial court's repeated admonishments concerning the possibility. *See Ex parte Murillo*, 389 S.W.3d 922, 930 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding habeas applicant failed to prove prejudice from counsel's alleged failure to advise of immigration consequences of guilty plea and considering, among other factors, there was no evidence that avoiding deportation was applicant's primary concern).

In summary, because appellant failed to prove prejudice resulting from counsel's allegedly deficient performance, the trial court did not abuse its discretion by denying her application for writ of habeas corpus. We overrule both of appellant's issues.

We affirm the trial court's Amended Order.


/s/     John Donovan
        Justice


Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).