

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,800

### EX PARTE ALBERTO GIRON PEREZ

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2649-CR IN THE 50TH JUDICIAL DISTRICT COURT
### FROM COTTLE COUNTY

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

We have never attached any kind of relief, whether equitable or legal, to a defendant's ability to defend his prosecution when the State files an indictment years after a crime has occurred. While the State is required to indict within the statute of limitations or forfeit the right to prosecute, there is no requirement that it show that it has not hindered the defendant's ability to defend himself by its delay. Here, applicants have a similar statute of limitations applicable to them in that they typically need to file their writ within the time of their

confinement.[1] But the majority now holds that not only this applicant, but every individual in prison, must file their applications for writs of habeas corpus as soon as possible, or they will be subject to forfeiting their right to file the application.

The Legislature and Court have gone to great lengths in ensuring that defendants are admonished of their rights during trial, but the majority now indicates to any future applicants that they do not need to explicitly waive their right to file an application for writ of habeas corpus, as they must with their other rights. They will just forfeit their right to a writ, often unknowingly, simply by delaying. Here, Applicant is illiterate and had a lawyer who is likely guilty of ineffective assistance of counsel, yet the majority does not feel Applicant's delay is justified. As illustrated by this case, the implementation of this equitable analysis in taking away the legislatively given right to habeas corpus, which all individuals are entitled to, is a great injustice.

Further, the Legislature has not assigned any time limits on filing applications for writs of habeas corpus in Texas Code of Criminal Procedure article 11.07. In fact, in Section 4, the Legislature asserts that subsequent writs are allowed where there are new and previously unavailable claims being made, but makes no mention of a time bar. Subsequent writs are filed only after significant time has passed. Therefore, as indicated by the fact that

---

[1]However, "confinement" includes both physical confinement and "any collateral consequence resulting from conviction." TEX. CODE CRIM. PROC. art. 11.07 § 3(c). For example, in *Ex parte Harrington*, 310 S.W.3d 452, 457-58 (Tex. Crim. App. 2010), we held that consequences from a conviction, such as job loss, loss of right to run for public office, and enhanced penalties for future convictions qualified as "confinement" for purposes of Article 11.07.

the only requirement for one is that the claim was not previously presented, time is clearly not of importance. Also, the Legislature has indicated that it wishes to expand Article 11.07, rather than contract it. This is evidenced by its addition of Article 11.073, which gives applicants an additional avenue for obtaining relief. In fact, it not only expanded the grounds for relief, it created a path for granting relief on a nonconstitutional basis. Obviously, if the Legislature wished to place some kind of time limit on an applicant's filing of a writ, it was capable of doing so, but did not. We should not be taking it upon ourselves to do something that the Legislature could have done and chose not to.[2]

I also believe that today's decision could allow the State to ask us, on appeal, to do exactly what is done here. The State could employ the same argument that is used here, and begin asking for defendants' appeals to be dismissed based upon the fact that certain evidence has disappeared or was destroyed after the conviction and, therefore, the State cannot retry the case. This would be as equally unjustified as the current decision is.

For the foregoing reasons, I respectfully dissent.


Meyers, J.

Filed: October 8, 2014

Publish

---

[2] I bet the Legislature is not going to be a happy camper about this new legislation that the majority has placed upon Article 11.07.