

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,325-01

### Ex parte PAULINO VELASQUEZ-HERNANDEZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM BEXAR COUNTY

**KELLER, P.J., filed a concurring opinion.**

Applicant alleges that counsel failed to accurately inform him that pleading guilty would cause two adverse immigration consequences: (1) make him ineligible to have his deportation proceedings cancelled under a discretionary provision, and (2) make him ineligible to ever be admitted for entry into the United States. As the Court explains, applicant cannot show prejudice with respect to consequence (1) because he is here illegally and thus subject to deportation regardless of his plea. But the Court's analysis that applicant cannot show prejudice with respect to consequence (2) seems problematic. I would resolve that issue by holding that applicant cannot show deficient performance because *Padilla*[1] applies only to the *deportation* consequences of a plea.

---

[1] *Padilla v. Kentucky*, 559 U.S. 356 (2010).

The Court says that applicant suffered no prejudice with respect to consequence (2) because "the likelihood of conviction for the charged drug offense was high" and because "applicant does not qualify for an exception under 8 U.S.C. § 1182(a)(2)(A)(i)(II)." Applicant's failure to qualify for an exception under the federal statute appears to be solely because of the current drug conviction. But that is applicant's point: absent the drug conviction, he would qualify. If it were shown that he had some other conviction that disqualified him for the exception, then I would agree with the Court that that disqualification would eliminate any prejudice, but I am not aware of any other conviction.

That leaves us with the Court's statement that applicant suffered no prejudice because the likelihood of conviction was high. Likelihood of conviction is not the traditional test for measuring prejudice from a guilty plea that is the result of an attorney's deficient conduct. The usual test is "whether there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty to the charged offense and would have insisted on going to trial."[2] The habeas court expressly found that applicant would not have pleaded guilty and would have insisted on going to trial if he had known that his plea of no contest would prevent him from ever legally re-entering the United States, so applicant seems to have satisfied the applicable prejudice standard.

Nevertheless, applicant is not entitled to relief because he has not shown deficient performance with respect to the exclusion consequence of his plea. By its terms, the Supreme Court's holding in *Padilla* is limited to the *deportation* consequences of a plea.[3] The case does not

---

[2] *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010) (internal quotation marks omitted).

[3] *Padilla*, 559 U.S. at 369 ("[W]hen the *deportation* consequence is truly clear . . . the duty to give correct advice is equally clear."), 374 ("[W]e now hold that counsel must inform her client whether his plea carries a risk of *deportation*.") (emphasis added).

address whether an attorney has a duty to inform his client that his plea of guilty might later cause him to be excluded from admission into the United States. In holding that counsel must inform a client about deportation consequences, the Supreme Court pointed to "the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country."[4] Deportation disrupts a lawful immigrant's expectation of remaining in this country for the period of time authorized by his entry documents.

Appellant is not living lawfully in this country. He never acquired any right to live in the United States or any reasonable expectation that he would be allowed to do so, and any possibility that, absent his plea, he will be allowed to legally enter this country in the future is purely speculative. *Padilla* imposes no duty upon an attorney to inform an undocumented alien that being convicted of a crime may result in his not being allowed re-entry into this country.

With these comments, I concur in the Court's judgment.

Filed: October 15, 2014
Do Not Publish

---

[4] *Id.* at 374.