82,538-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/9/2015 2:06:11 PM
Accepted 2/9/2015 3:17:21 PM
ABEL ACOSTA
CLERK

NO. 82,538-01

EX PARTE                          §        IN THE COURT OF

RECEIVED
COURT OF CRIMINAL APPEALS
2/9/2015
ABEL ACOSTA, CLERK

                                  §        CRIMINAL APPEALS

AUSTEN JOSEPH ROSS                §        AUSTIN, TEXAS

## MOTION FOR THE COURT TO RECONSIDER APPLICATION ON ITS OWN MOTION

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW Applicant Austen Joseph Ross, by and through his undersigned counsel, and pursuant to TEX. R. APP. PROC. 79.2(d) files this motion for the Court to reconsider the Application on its own motion. In support of this motion, Applicant would show as follows:

On February 4, 2015, this Court dismissed the Application without written order due to the sentence being discharged. This Court cited *Ex Parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010). However, *Harrington* expanded the definition of confinement to encompass collateral consequences, "including the loss of his job and other suitable employment opportunities; loss of his right to run for public office; loss of his right to possess firearms; enhanced penalties for any future convictions; and potential impeachment of his credibility in future judicial hearings." 310 S.W.3d at 457.

1

Here, Applicant alleged that he was confined due to being incarcerated in the Travis County Correctional Complex on a charge of Intoxication Manslaughter (cause number D-1-DC-13-100124 in the 299th Judicial District Court of Travis County, Texas). In an enhancement paragraph, the indictment in that case alleged the 2006 third-degree felony conviction that is the subject of the instant Application. *See* Amended Memorandum in Support of Application, at Attachment 5, *Indictment in D-1-DC-13-100124*. This enhancement allegation raised Applicant's penalty range from a second-degree felony (2-20 years imprisonment) to a first-degree felony (5-99 years or life imprisonment). Applicant specifically alleged the impact of the conviction on his sentencing range as the reason he was confined for purposes of TEX. CODE CRIM. PROC. ART. 11.07. *See* Amended Memorandum, at 3-4; *see also* Amended Memorandum, Attachment 2, *Affidavit of Austen Joseph Ross*.

Although Applicant was convicted of the Intoxication Manslaughter charge while this Application was pending, the felony conviction that is the subject of this Application continues to "confine" Applicant by virtue of its potential impact on parole decisions, as well as its impact on enhanced penalties for future convictions (e.g., if Applicant is charged with a felony in the future, the 2006 felony conviction, in conjunction with the 2014 felony conviction, could be used to

2

enhance Applicant to a habitual-offender sentencing range of 25 years to life imprisonment). The Application should be read as alleging that Applicant is confined by virtue of the enhancement implications of the 2006 felony conviction that is the subject of the Application.

Furthermore, the State filed an Answer informing the Court that the State does not oppose the allegations contained in the Application, and it agreed that relief should be granted. *See* State's Answer, at 3. The State's Answer also specified that "[t]hough his sentence has discharged, he has now alleged collateral consequences due to the fact that he is currently charged with intoxication manslaughter in Travis County and his indictment in that offense has been enhanced with the third-degree felony offense in this case — subjecting him to a greater punishment range." *Id*.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Court reconsider his Application on its own Motion. Upon reconsideration, Applicant prays that this Court determine that he is confined by virtue of his 2006 felony conviction and proceed to consider the underlying claim on its merits.

Respectfully submitted,


/s/ Christopher M. Perri_____
CHRISTOPHER M. PERRI
1504 West Ave.
Austin, Texas 78701
(512) 917-4378
(Fax) 474-8252
chris@chrisperrilaw.com
State Bar No. 24047769
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for the

Court to Reconsider Application on Its Own Motion was mailed to the Williamson

County District Attorney's Office on the 9th day of February, 2015.

/s/ Christopher M. Perri_____
CHRISTOPHER M. PERRI