WR-82,154-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/26/2015 2:57:04 PM
Accepted 5/27/2015 9:02:29 AM
ABEL ACOSTA
CLERK

WR-82,154-01

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
5/27/2015
ABEL ACOSTA, CLERK

Ex parte KENITH ROBERT EVANS

Petitioner's Motion for Rehearing

of Application of Writ of Habeas Corpus

JASON D. CASSEL
Bar Number: 24006970
jdc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Phone Number: (903) 758-5200
Facsimile Number: (903) 758-7397

WR-82,154-01

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

Ex parte KENITH ROBERT EVANS

## APPLICANT'S MOTION FOR REHEARING

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the Applicant, by and through his Attorney, Jason D. Cassel, and respectfully submits to the Court his Motion for Rehearing in the above entitled and numbered cause.

## GROUND FOR REHEARING

The Court dismissed the Application for Writ of Habeas Corpus stating the sentence has been discharged, citing *Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010). However, Applicant is still confined for purposes of Article 11.07 as this conviction is being used as an enhancement of a case now pending.

## Argument and Authorities

This Court dismissed Applicant's Writ of Habeas Corpus stating the sentence had been discharged. However, Applicant is still under disability for this conviction.

While it is true that Mr. Evans' 4 year sentence in this cause has been discharged, he continues to suffer collateral consequences from the conviction. First, in WR-82,154-02, trial counsel filed an affidavit, which is also part of the

record in this cause, stating that he's sure that if he recommended Mr. Evans accept a 20 year sentence, "he must have been looking at a minimum sentence of 25 years had he gone to trial." CR-51, Affidavit of Steve Kattner. Additionally, Mr. Evans is currently under indictment in Gregg County Cause 42,357-B where the conviction at issue here is being used as a felony enhancement, making the punishment range 25-99 years or Life. See CR-181, Trial Court's Findings of Fact and Conclusions of Law.

In *Harrington*, the applicant was convicted of felony DWI and had discharged the sentence but because he faced "collateral consequences," such as "enhanced penalties should he be charged and convicted of a subsequent felony offense," he was still confined for purposes of Article 11.07 review. This is precisely the case here, but rather than hypothetical harm that "should he be charged with a subsequent felony," Mr. Evans *is* charged with a subsequent felony where this conviction is alleged in the indictment of Cause 42,357-B to enhance punishment. CR-181. Furthermore, Mr. Evans is serving a 20 year sentence from 2001 where trial counsel states "he must have" believed that Mr. Evans was facing punishment of 25-99 or life if he had gone to trial. This position relies on the validity of this conviction. Thus, the use of the this conviction caused trial counsel to recommend Mr. Evans accept a maximum 20 year sentence and is being used again, this time as an actual enhancement in Gregg County Cause 42,357-B.

Accordingly, the Mr. Evans is confined and entitled to review under Article 11.07. The Court should grant Mr. Evan's motion for rehearing and address the issues raised in the application for writ of habeas corpus.

## PRAYER

WHEREFORE, Applicant prays that the motion for rehearing be granted.

RESPECTFULLY SUBMITTED,

_____
JASON D. CASSEL
Bar Number: 24006970
jdc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Phone Number: (903) 758-5200
Facsimile Number: (903) 758-7397

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the Microsoft Word word count tool this document contains 516 words.

_____
Jason D. Cassel

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been hand delivered to the Gregg County District Attorney's Office, on this the __26th__ day of __May_____, 2015.

_____

Jason D. Cassel