**EX PARTE William G. PENN, Applicant**

**NO. WR–70,546–04**

Court of Criminal Appeals of Texas.

Filed: December 14, 2016

William G Penn, pro se.

Jill F. Burdette, Assistant District Attorney, Harris County District Attorney's Office, Houston, Stacey Soule, State's Attorney, Austin, for the State.

## DISSENTING OPINION

ALCALA, J., filed a dissenting opinion.

I respectfully dissent from this Court's order dismissing the habeas application filed by William G. Penn, applicant, on the basis of a pleading deficiency. I would remand this habeas application to the trial court so that it may be resolved on its merits. This Court's disposition of this case illustrates three questionable practices employed by this Court to resolve habeas applications. First, this Court's majority order ignores that, as a matter of law, the pleadings are adequate in this case, and, thus, dismissal is unwarranted. Second, under this Court's ordinary internal practices, this case is representative of the type of case that could be dismissed based on the participation and vote of only a single judge on this Court rather than by a quorum of judges. Third, this case further demonstrates the need for this Court to enforce statutory provisions that require the appointment of habeas counsel for indigent applicants in the interests of justice. Below, I explain these three problems in more detail.

First, as a matter of law, applicant's pleadings are adequate because the offense for which he was convicted requires him to register as a sex offender. This Court's hand-down list shows that this Court is dismissing this case because applicant's sentence has discharged, and the list cites to *Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010). Unless, however, a defendant must register as a sex offender for another conviction that is not being challenged, this type of conviction will always have a collateral consequence that invokes this Court's jurisdiction. Therefore, requiring this applicant to expressly plead a collateral consequence in this case is unnecessary.

Under Article 11.07, Section 3(c), this Court may not consider the merits of a habeas application unless an applicant is confined or suffering collateral consequences. TEX. CODE CRIM. PROC. art. 11.07, § 3(c). Ordinarily, collateral consequences must be pleaded by an applicant who is not confined for his offense because this Court is unable to ascertain whether he is being subjected to collateral consequences. But for applicants like this one, in which the collateral consequences are readily apparent due to the type of offense at issue, this Court should not dismiss their applications for this type of pleading deficiency. "The collateral consequences of a conviction for a sexual offense are not mere possibilities; they are set out in black-letter law." *Ex parte Kirksey*, No. WR–85,795–01, 2016 WL 6525738, at *1 (Tex. Crim. App. Nov. 2, 2016) (not designated for publication) (Johnson, J., dissenting). "Sexual offenses are perhaps the only class of crimes with such clear and certain collateral consequences. This Court could choose to limit granting relief without a pleading of collateral consequences to that class and any future class of offense that has clear and certain collateral consequences that are controlled by statutes." *Id.* at *2 n.1. In this case, applicant asserts that he is actually innocent of sexual assault of a child. He has been released from prison, but he must register for life as a sex offender for this offense, and only this offense, according to the sex-offender database maintained by the Texas Department of Public Safety. Dismissing this application will mean that applicant must re-file it by pleading collateral consequences, of which we are already aware. This result is not

required by the plain language of the Code of Criminal Procedure, is contrary to the interests of justice, and is a waste of judicial resources. "Surely, when an applicant is clearly entitled to relief and the collateral consequences are obvious and clear, we should not waste our limited resources on two reviews when one will accomplish the correct result." *Id.* at *2.

Second, this case illustrates the significant problem in this Court's institutional practice of permitting only a single judge on this Court to dismiss a case on the basis that it purportedly falls into a broad category of cases characterized as having a pleading inadequacy. In my recent concurring opinion in *Ex parte Dawson,* I explained why this Court's practice of permitting only a single judge to deny habeas relief without participation by a quorum of judges violated the Texas Constitution and Code of Criminal Procedure. *Ex parte Dawson,* No. WR–85,612–02, 509 S.W.3d 294, 2016 WL 6946927 (Tex. Crim. App. Nov. 23, 2016) (Alcala, J., concurring). I observed that the Texas Constitution and Code of Criminal Procedure require a decision by a quorum of five judges of the en banc Court or by two judges of a three-judge panel that has been assigned to the case. *Id.,* at 299–300. In my concurring opinion in *Ex parte Dawson,* I criticized this Court's formulaic denial of relief to habeas applicants based on a staff member's and single judge's assessment that a case falls within a certain category, such as the type of purported pleading inadequacy at issue here. The suggestion that a single judge may alone properly vote by proxy for a quorum of judges on this Court by virtue of a standing order that allows this disposition for habeas applications that a staff member has deemed are inadequately pleaded glosses over the fact that, as here, reasonable minds may disagree about what constitutes deficient pleadings. In the instant case, I was permitted to see this

habeas application because it was assigned to one of the few other judges on this Court who, like me, properly submits habeas applications to a vote by a quorum of this Court rather than denying relief on his sole participation and vote. But had this case been assigned to one of the judges on this Court who believes that he or she has the authority to deny or dismiss habeas applications based on his or her sole participation, then this dissenting opinion would not exist. An applicant would receive a simple postcard notification that this Court had dismissed his habeas application, and that applicant would not know that this decision had been made by a single judge. Cases like the instant one should be decided by a quorum of judges who actually participate and vote on each case, as required by the Texas Constitution and Code of Criminal Procedure.

Third, this Court should require the habeas court, on remand, to appoint counsel for this pro se habeas applicant, if he is indigent and requests it, due to the interests of justice that are at stake in this case. *See* Tex. Code Crim. Proc. Art. 1.051(d). Applicant has produced evidence that he is actually innocent of the offense for which he was convicted, and that type of claim should receive a full and fair live hearing at the habeas court with the benefit of appointed counsel if applicant is indigent. But even if the habeas court does not conduct a live hearing, this is the type of case for which counsel should be appointed in the interests of justice in order to ensure that the claim is afforded meaningful consideration by the habeas court and this Court.

Under these circumstances in which there is new evidence that asserts that applicant is actually innocent of the offense for which he was convicted, this Court should not dismiss this habeas application

merely for the pleading omission because, as a matter of law, applicant is clearly suffering statutorily required collateral consequences for this conviction. Rather than dismiss his application, this Court should instead remand this case to the habeas court for resolution of the claim on its merits. Furthermore, I would require the habeas court to consider whether applicant is indigent and whether counsel should be appointed. I, therefore, respectfully dissent from this Court's dismissal of this application.