

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,834-01

### EX PARTE DOROTHY MAE MABLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1403772-A
### IN THE 351ST DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to delivery of cocaine, less than one gram, and was sentenced to six months of incarceration in the state jail. Through habeas counsel, Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. Applicant's sentence has discharged, but she pleads collateral consequences, so this Court may consider the habeas application. *See Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010).

Applicant asserts that Gerald Goines, the former Houston police officer who arrested her, provided false evidence, and she alleges that her guilty plea was involuntary. The trial court finds,

with the State's agreement, that Applicant has established a presumption of falsity that is unrebutted. *See Ex parte Mathews*, 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). Also with the State's agreement, the trial court finds that Applicant's guilty plea was involuntary due to the prosecution's non-disclosure of Goines's pattern of falsifying evidence in other cases during the same period. *See Ex parte Barnaby*, 475 S.W.3d 316 (Tex. Crim. App. 2015).

The trial court adopted the parties' proposed agreed findings. The trial court recommends granting habeas relief. The record supports the findings and recommendation. Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in Cause No. 140377201010 in the 351st District Court of Harris County is set aside. Applicant shall answer the charges as set out in the complaint. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: November 13, 2024

Do Not Publish