

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-12,375-22 AND WR-12,375-23

### EX PARTE HERBERT HERMAN FEIST, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 36429 AND 36678 IN THE CRIMINAL DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty or no contest to one charge of unauthorized use of a motor vehicle and one charge of robbery, and was sentenced to five years' and eight years' imprisonment, to run consecutively. He did not appeal his convictions.

Applicant filed these habeas applications in the district court on January 12 and January 18, 2015. On the application forms, Applicant indicated that he was challenging his 1978 convictions

in cause numbers 36429 and 36678, respectively. However, the district clerk apparently wrote cause number 39295 in the heading of both application forms, and the trial court recommended that both applications be dismissed, because this Court had previously cited Applicant for abuse of the writ with respect to cause number 39295. This Court received the habeas applications on January 23 and February 3, 2015, and erroneously concluded that they were barred from consideration because of the previously-entered abuse order.

It has recently come to the attention of this Court, through the filing of mandamus applications by Applicant, that this Court's disposition of the -22 and -23 applications was erroneous. Therefore, the Court now reconsiders on its own motion the disposition of those applications, and orders that they be remanded to the trial court for further action.[1]

The trial court shall order the district clerk to file these two applications under the correct cause numbers shown on the application forms. The habeas records shall be supplemented to include the relevant documents, including the charging documents, judgments, plea papers, etc., from the cause numbers challenged in the applications.

Applicant contends in both applications that his convictions were void, that his sentences were unauthorized, and that his plea agreement was breached. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art.

---

[1]Although it appears that Applicant discharged his sentences in these causes long ago, he alleges that they are being used to enhance a pending charge or charges. Therefore, Applicant has alleged sufficient collateral consequences to permit this Court to consider the merits of his claims. *See Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010).

11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims that his convictions were void, his sentences unauthorized, and his plea agreement breached. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 4, 2015
Do not publish