

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-82,772-01; WR-82,772-02; WR-82,772-03

### EX PARTE DONALD LEE GRAY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 241-2622-06-A; 241-2620-06-A; 241-2621-06-A
### IN THE 241ST DISTRICT COURT FROM SMITH COUNTY

*Per curiam. Yeary, J. filed a dissenting opinion.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to improper photography in three different cause numbers and was sentenced to one year imprisonment in state jail for each cause. He did not appeal his convictions. These convictions have discharged, but he alleged sufficient collateral consequences through an affidavit filed in the trial court. *Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010).

This Court, in *Ex parte Thompson*, held unconstitutional the improper photography statute

for which Applicant was convicted. *Ex parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014). Applicant filed these habeas applications based on the *Thompson* decision and asks that his convictions be set aside.

Relief is granted. The judgments in Cause Nos. 241-2622-06; 241-2620-06; and 241-2621-06 in the 241st District Court of Smith County are set aside and Applicant is remanded to the custody of the Sheriff of Smith County to answer the charges as set out in the indictments so that the indictments may be disposed of in accordance with this Court's opinion in *Ex parte Thompson.* The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 24, 2016
Do not publish