

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,025-01

### EX PARTE JACOB SCOTT YOUNKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-DCR-045589 HC1
### IN THE 268TH DISTRICT COURT FROM FORT BEND COUNTY

*Per curiam. Newell, J., not participating.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of less than one gram of cocaine, and was sentenced pursuant to Section 12.44(a) of the Texas Penal Code to seventy-five days in county jail. He did not appeal his conviction.

Although Applicant has discharged his sentence in this case, he has alleged that he is suffering collateral consequences from this conviction sufficient to allow this Court to consider his claims by way of habeas corpus. *Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010).

Applicant contends that he was denied due process because the lab tech who tested the

evidence seized in this case was Jonathan Salvador, who has since been discredited based on misconduct. The trial court conducted a habeas hearing, and determined that the inference of falsity in this case has not been sufficiently rebutted by the State. *See Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The trial court recommends that relief be granted.

In *Ex parte Barnaby*, No. WR-80,099-01, ___ S.W.3d ___ (Tex. Crim. App. November 4, 2015), this Court held that materiality of false evidence in the context of a guilty plea should be examined under the same standard used to assess materiality of counsel's deficient performance in the context of a guilty plea: if the applicant had known that the evidence was false (i.e., "but for" the false evidence), he would not have pleaded guilty but would have insisted on going to trial.

In this case, although Applicant did not specifically allege that his plea of guilty was involuntary, he prepared and litigated his application for writ of habeas corpus without the benefit of this Court's opinion in *Barnaby*. Likewise, the trial court recommends that relief be granted without the benefit of this Court's *Barnaby* opinion. Therefore, additional findings of fact are necessary in order to resolve the issue in this case.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant

would have pleaded guilty in this case had he known that the lab report contained false evidence. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 6, 2016
Do not publish