

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-83,576-01

---

### EX PARTE CHARLES HIRSCH, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2007-1760-A WHC 1 IN THE 16TH DISTRICT COURT
### DENTON COUNTY

---

RICHARDSON, J., filed a dissenting statement in which JOHNSON and ALCALA, JJ., joined.

### DISSENTING STATEMENT

Applicant, through his attorney, filed an application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. He seeks to have his conviction set aside because the offense for which he was convicted—online solicitation of a minor[1]—has been held unconstitutional pursuant to this Court's opinion in *Ex parte Lo*.[2] Both the trial court and the State agree that Applicant is entitled to relief. Since *Lo*, this

---

[1] TEX. PENAL CODE § 33.021(b).

[2] 424 S.W.3d 10 (Tex. Crim. App. 2013).

Court has routinely granted relief to other writ applicants seeking to have their convictions set aside on that basis. Nineteen opinions granting such relief were just recently handed down.[3] Nevertheless, the Court dismisses this application because Applicant's sentence has been discharged, and his writ application fails to allege collateral consequences.[4] In this particular case, however, I see no reason to force Applicant to file a second writ application when his right to relief under *Lo* is unquestionable, and the collateral consequences resulting from his conviction are obvious and apparent from the face of the record.[5]

---

[3] *See, e.g.*, *Ex parte Dudley*, WR-81,819-01, WR-81,819-02, and WR-81,819-03, 2016 WL 551685 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Lockridge*, WR-81,919-01, 2016 WL 551669 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Sarles*, WR-79,065-02, 2016 WL 548245 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Morrisey*, WR-81,243-02, 2016 WL 548390 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Trevino*, WR-82,110-01, 2016 WL 551677 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Ponce*, WR-83,725-01, 2016 WL 537583 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Call*, WR-83,772-01, 2016 WL 637767 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Capps*, WR-83,978-01, 2016 WL 637649 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Ramirez*, WR-83,221-01, 2016 WL 638057 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication); *Ex parte Bledsoe*, WR-82,861-01, 2016 WL 625251 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication).

[4] TEX. CODE CRIM. PROC. art. 11.07, § 3(c); *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010).

[5] Statutorily mandated sex offender registration is a collateral consequence of Applicant's conviction for online solicitation of a minor. *See Ex parte Vansumeren*, WR-81,368-01, 2016 WL 548410 (Tex. Crim. App. Feb. 10, 2016) (not designated for publication) ("Although Applicant has discharged her sentence in this case, she alleges that she is suffering collateral consequences as a result of this conviction because she must comply with sex offender registration requirements.").

This Court is granted the power to issue writs under the Texas Constitution and Chapter 11 of the Code of Criminal Procedure.[6] The Court's subject matter jurisdiction is defined by Article 11.07 § 3(c). Although Applicant has not specifically alleged collateral consequences bringing his application within the Court's subject matter jurisdiction, the collateral consequences are clear under Articles 62.001(5)(J) and 62.051(a) of the Code of Criminal Procedure. *Ex parte Harrington* says "a showing of a collateral consequence, without more, is now sufficient to establish 'confinement' so as to trigger application of art. 11.07."[7] In this case, no further inquiry into the record is required, and no remand is necessary, to determine Applicant's collateral consequences. I am not advocating a general rule that habeas applicants who are no longer confined need not plead collateral consequences in order to seek habeas review. It is true that the rules require that they do so. However, I believe that the writ applications filed pursuant to this Court's decision in *Lo* are unique in that the collateral consequences of a conviction under Section 33.021(b) are clear.

Applicant's attorney noted on this habeas application that Applicant's sentence had been discharged, but he failed to invoke the jurisdiction of Article 11.07 § 3(c) by pleading collateral consequences. Applicant's counsel has filed an application on his client's behalf that has been found by this Court to preclude review of a meritorious claim for relief.

---

[6] TEX. CONST. art. V § 5(c); TEX. CODE OF CRIM. PROC. art. 11.05.

[7] 310 S.W.3d at 457.

Although Applicant will not ultimately be prejudiced by this filing, he should not be penalized for the shortcomings of his counsel. I believe the interests of judicial economy and justice would be better served in this case by granting Applicant relief, setting aside his judgment, and remanding him to the Sheriff of Denton County so that the indictment against him may be disposed of in accordance with this Court's opinion in *Ex parte Lo*. The Court has done this countless times since the *Lo* decision was rendered, and it makes sense to do that now, rather than later. Therefore, respectfully, I dissent.


FILED:      May 25, 2016

DO NOT PUBLISH