

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,267-01

### EX PARTE DICHELLE MONIQUE KNOX, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W199-80215-08-HC IN THE 199ᵀᴴ DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to two years' imprisonment. She did not appeal her conviction.

Applicant contends that her sentence was illegal because she was sentenced to a prison term when she pleaded guilty to a state jail felony. The habeas court recommended dismissing the writ application because Applicant has discharged her sentence. However, she has pleaded sufficient collateral consequences arising from the conviction to establish habeas corpus jurisdiction. *Ex parte Harrington*, 310 S.W.3d 452, 456–58 (Tex. Crim. App. 2010). Applicant has alleged facts that, if

true, might entitle her to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that her sentence to TDCJ's Institutional Division was illegal because she pleaded guilty to a state jail felony. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: August 24, 2016
Do not publish