

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-87,705-01 AND WR-87,705-02

### EX PARTE ANTHONY DAMEN CALLAWAY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W199-80779-04HC AND W199-80780-04-HC
### IN THE 219TH DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of failure to comply with sex offender registration requirements, in exchange for two six-year probated sentences. His probation was later revoked and he was sentenced to three years' imprisonment for each charge, to run concurrently. He did not appeal his convictions. Although Applicant has discharged his sentences in these cases, he alleges that he is continuing to suffer collateral consequences because these convictions are being used to enhance punishment in a new

case. Applicant has alleged sufficient collateral consequences to allow this Court to address the merits of his claims. See *Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance, resulting in involuntary pleas. Applicant alleges that trial counsel failed to investigate the validity of the indictments, and therefore failed to discover that the offenses should have been state jail felony charges rather than third degree felonies. Specifically, Applicant alleges that the offense requiring him to register as a sex offender was a juvenile adjudication, rather than a "sexually violent" felony conviction. If this was indeed the case, then Applicant's failures to comply with sex offender registration conditions should have been charged under former Article 62.10(b)(1)(2004), and should have been state jail felonies. The indictments in these cases charged Applicant with failure to comply with sex offender registration requirements under former Article 62.10(b)(2) (2004), third degree felonies. The indictments also alleged two prior, non-sequential felony convictions for enhancement purposes. However, if the primary offenses were state jail felonies rather than third degree felonies, punishment could not have been enhanced using prior non-sequential felony convictions.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed:  December 13, 2017
Do not publish