

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,875-01

### EX PARTE DAVID NUNEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1470221-A IN THE 182ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of theft of property valued at $20,000 or more but less than $100,000, and sentenced to imprisonment for seven years.

On October 24, 2017, an order designating issues was signed by the trial court. The habeas record has been properly forwarded to this Court by the district clerk pursuant to TEX. R. APP. P. 73.4(b)(5). However, the record has been forwarded without the trial court having resolved the designated issue(s) in this case. We remand this application to the 182nd District Court of Harris

County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

It appears that Applicant's sentence may have discharged. Accordingly, the habeas court shall determine whether Applicant is still confined on this conviction. *See Ex parte Harrington,* 310 S.W.3d 452, 454 (Tex. Crim. App. 2010). If Applicant is no longer confined on this conviction, then the habeas court shall enter findings of fact and conclusions of law to that effect. If Applicant is still confined on this conviction, then the habeas court shall either: (1) obtain an affidavit from trial counsel and enter findings and conclusions addressing the merits of Applicant's allegations; (2) determine that the current record is sufficient to resolve the allegations and enter findings and conclusions without an affidavit from trial counsel; or (3) enter a recommended disposition of this application without entering findings of fact and conclusions of law.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's findings of fact and conclusions of law, if any, and recommendation, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 5, 2019
Do not publish