

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00245-CR

## EX PARTE MUKHTAR OWAIS, APPELLANT

On Appeal from the 361st District Court
Brazos County, Texas[1]
Trial Court No. 12-05308-CRF-361, Honorable Steven Lee Smith, Presiding

June 16, 2021

## OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Mukhtar Owais, appeals the habeas court's denial of his application for writ of habeas corpus. Appellant contends that his rejection of a plea bargain offer made by the State was the result of the ineffective assistance of his trial counsel who failed to advise him of the immigration consequences of his conviction. We affirm the order of the habeas court.

---

[1] Originally appealed to the Tenth District Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Factual and Procedural Background

Around 2:00 a.m. on July 21, 2012, officers with the Texas A&M University Police Department observed a vehicle being driven by appellant on the sidewalk adjacent to the street. As the vehicle passed, one of the officers yelled for the driver to stop. When the driver failed to stop, the officer ran after the vehicle. When the officer was unable to get appellant to stop, he radioed for help. Another officer in a patrol car pulled appellant over. During the resulting detention, the officer asked appellant why he ran from the earlier officer. Appellant stated that he was scared and nervous because he knew he was not supposed to be driving on the sidewalk. After field sobriety tests were administered, it was determined that appellant was not intoxicated.

Appellant was subsequently charged with the third-degree offense of evading arrest in a motor vehicle.[2] Appellant retained attorney Craig Greaves to represent him in this matter. Greaves had previously represented appellant in relation to misdemeanor theft, misdemeanor evading arrest, and disorderly conduct charges and was aware that appellant was not a United States citizen. Greaves's practice area is solely devoted to criminal law. Consequently, Greaves advised appellant that Greaves was not an immigration attorney and to discuss the potential immigration consequences of his pending criminal charges with an immigration attorney who was assisting appellant and his family in obtaining citizenship. As to the merits of the case, Greaves advised appellant that it was a "triable" case in that there were issues regarding whether appellant was aware that police officers were trying to stop him. Before trial, the State made a plea

---

[2] Tex. Penal Code Ann. § 38.04(b)(2)(A) (West 2016).

2

bargain offer of straight probation on the reduced charge of misdemeanor evading arrest. Greaves relayed the offer to appellant and advised him to take it. Appellant countered seeking deferred adjudication on the misdemeanor. The State rejected appellant's counteroffer and the case went to trial.

At the close of the trial, the jury found appellant guilty of evading arrest in a motor vehicle. The trial court assessed appellant's punishment at five years' incarceration but suspended the sentence and placed appellant on community supervision for a period of five years. As part of the sentence, appellant was also sentenced to serve twenty days' incarceration in the Brazos County Jail.

Immediately thereafter, Greaves advised appellant regarding his right of appeal. Greaves advised appellant that because he was not sentenced to prison and there were unlikely to be any issues to raise on appeal, appellant should not pursue an appeal. Greaves did not discuss with appellant the impact filing an appeal would have on his immigration status. Appellant followed Greaves's advice and did not file a notice of appeal.

Appellant reported to the jail to serve his sentence. While he was serving the incarceration portion of his sentence, United States Immigration and Customs Enforcement (ICE) officers took appellant into custody and initiated proceedings to remove him from this country based on his conviction for evading arrest in a motor vehicle. According to appellant, ICE initiated these proceedings based "solely on the conviction in this case as a felony crime of violence."

3

Appellant subsequently retained Peter Williamson, a board-certified immigration attorney, to represent him in the ICE proceedings. Williamson advised appellant that his conviction for evading arrest in a motor vehicle subjected him to automatic deportation.

Appellant also retained counsel to appeal his conviction for evading arrest in a motor vehicle. Appellant filed a notice of appeal and a motion for extension of time to file his notice of appeal. In the motion, appellant indicated that he would assert a challenge to the sufficiency of the evidence supporting his conviction if allowed to file his late appeal. The Tenth District Court of Appeals dismissed the appeal for want of jurisdiction on the basis that the notice of appeal was untimely filed. *See Owais v. State*, No. 10-17-00028-CR, 2018 Tex. App. LEXIS 3720, at *2 (Tex. App.—Waco May 23, 2018, pet. ref'd) (mem. op., not designated for publication).

Following the dismissal of his direct appeal, appellant filed an application for writ of habeas corpus with the trial court. Through his application, appellant alleged that Greaves provided ineffective assistance of counsel by failing to advise appellant that a conviction for the felony evading arrest charge would result in automatic deportation. Appellant also contended that had Greaves properly advised appellant of the immigration consequences of a conviction, he would have accepted the State's plea bargain of misdemeanor evading arrest. Appellant also alleged that his decision not to exercise his right of appeal was rendered involuntary because Greaves failed to advise appellant that he would be subject to automatic deportation once his conviction became final.

The trial court held a hearing on appellant's application at which Williamson and Greaves testified. Williamson testified that, at the time of appellant's trial, the law was

4

that evading arrest in a motor vehicle was a "crime of violence" that, as such, would be treated as an aggravated felony resulting in a noncitizen's automatic deportation. Williamson also testified that the misdemeanor offense of evading arrest would probably not result in deportation. Williamson further testified that a conviction is not considered final for immigration purposes until all appellate remedies are exhausted, so the pendency of an appeal delays immigration proceedings until the case is finally resolved. Greaves testified regarding what he did in his representation of appellant in the underlying case. Regarding immigration consequences, Greaves advised appellant that a conviction for evading arrest in a motor vehicle could carry adverse immigration consequences but did not explicitly identify the exact nature of those consequences. Greaves advised appellant to consult with an immigration attorney to determine the immigration consequences of a plea or conviction. After considering the findings of fact and conclusions of law proposed by both appellant and the State, the trial court adopted the State's and denied appellant's application for habeas relief.

Appellant timely filed notice of appeal from the trial court's denial of his application. By his appeal, appellant presents two issues. Appellant contends, by his first issue, that the trial court erred in denying his application for habeas corpus relief because Greaves provided ineffective assistance of counsel by failing to advise appellant of the immigration consequences of being convicted of the felony offense of evading arrest in a motor vehicle. By his second issue, appellant makes the alternative contention that the trial court erred in denying appellant's out-of-time appeal because trial counsel was ineffective when he failed to advise appellant that, by not appealing, his conviction would become

5

final and he would be subject to the deportation consequences of his conviction immediately.

## Standard of Review

An appellate court reviewing a habeas judge's ruling must view the record evidence in the light most favorable to the judge's ruling and uphold that ruling absent an abuse of discretion. *Diamond v. State*, 613 S.W.3d 536, 544 (Tex. Crim. App. 2020) (op. on reh'g). An appellate court affords almost total deference to a habeas court's factual findings when they are supported by the record, especially when those findings are based on credibility and demeanor. *Id.* We apply this same degree of deference to any implied findings and conclusions that are supported by the record. *Id.* When, however, the resolution of the ultimate question turns only on the application of legal standards, the appellate court reviews those determinations de novo. *Id.* We will uphold the habeas court's ruling if it is correct under any theory of law applicable to the case. *Id.* at 544-45.

## Issue One: Ineffective Assistance of Counsel

By his first issue, appellant contends that the trial court erred in denying his application for writ of habeas corpus because his trial counsel in the underlying evading arrest case provided appellant with ineffective assistance by failing to advise him of the immigration consequences if he were to be convicted of the felony offense of evading arrest in a motor vehicle.

6

Law

To prove entitlement to habeas corpus relief on the ground of ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). Failure to prove both prongs by a preponderance of the evidence will defeat the claim of ineffectiveness. *Perez*, 310 S.W.3d at 893.

A defendant has the right to the effective assistance of counsel during plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).

To show ineffective assistance arising from counsel's plea advice, appellant must show (1) counsel's plea advice did not fall within the wide range of competence demanded of attorneys in criminal cases and (2) there is a reasonable probability that, but for counsel's deficient performance, appellant would have insisted on going to trial rather than accepting the offer and pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012); *Ex parte Harrington*, 310 S.W.3d at 458. We believe that appellant can satisfy the burden of the second prong above by showing that, but for counsel's deficient

7

performance, appellant would have accepted the State's plea bargain offer and pleaded guilty rather than insisting on going to trial. *See Lafler*, 566 U.S. at 171.

Inaccurate advice regarding a noncitizen client's potential deportation may constitute ineffective assistance. *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). When the consequences are "not succinct and straightforward," counsel's duty is to advise the defendant of the possibility that the plea may carry a risk of adverse immigration consequences. *Id.* at 369; *Ex parte Moussazadeh*, 361 S.W.3d at 691. However, when federal immigration law clearly specifies that the defendant will be deported, counsel must affirmatively and correctly advise the defendant about the immigration consequences of the plea. *Padilla*, 559 U.S. at 368-69; *Ex parte Moussazadeh*, 361 S.W.3d at 691. If counsel fails to properly advise his client, the first prong is satisfied. *Padilla*, 559 U.S. at 368-69. However, appellant would still be required to show that, had he been aware of the immigration consequences, it would have been irrational for him to have rejected the plea bargain offered by the State. *Id.* at 372.

Analysis

In the instant case, the terms of the relevant immigration statutes are not succinct, clear, and explicit in defining the immigration consequences of appellant's conviction for felony or misdemeanor evading arrest.

The trial court entered the following findings of fact and conclusions of law:

26. There is currently no valid definition of a "crime of violence." Since the immigration consequences of Applicant's conviction turn on whether evading arrest in a motor vehicle under Texas law constitutes a "crime of

8

violence" for immigration purposes, the immigration consequences of Applicant's conviction are unclear.

48. Greaves'[s] advice to Applicant that a conviction for felony evading arrest in a motor vehicle could result in deportation satisfied his duty under *Padilla* since the law is "not succinct and straightforward" on that issue.

54. Greaves had no duty under *Padilla* to advise Applicant that a plea of guilty resulting in a conviction for misdemeanor evading arrest under Tex. Penal Code § 38.04(a) would not result in Applicant's automatic deportation because that was not "truly clear" at the time Greaves advised Applicant in 2016.

The trial court's findings are supported by the testimony of appellant's expert witness, Peter Williamson. Williamson testified at the habeas hearing that he was not aware of any binding opinions that held that evading arrest in a motor vehicle constitutes an aggravated felony for immigration purposes. He also testified that he could not say that the law was truly clear in 2016 that a conviction for evading arrest in a motor vehicle would result in automatic deportation. Finally, Williamson testified that, in 2016, it was not truly clear that a conviction for misdemeanor evading arrest would not result in automatic deportation.

In analyzing appellant's claim for habeas relief, it is particularly noteworthy that his own immigration expert could not testify that it was "truly clear" for *Padilla* purposes that evading arrest in a motor vehicle constituted a "crime of violence" that made the offense an "aggravated felony" triggering automatic deportation consequences.[3] A review of

---

[3] 8 U.S.C.S. § 1227(a)(2)(A)(iii) makes a conviction for an aggravated felony an automatically deportable offense. 8 U.S.C.S. § 1101(a)(43)(F) defines "aggravated felony" as including a "crime of violence" for which the term of imprisonment is at least one year. 18 U.S.C.S. § 16 defines "crime of violence." The definition of "crime of violence" found in 18 U.S.C.S. § 16(b) includes "any offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The United States Supreme Court, however, has concluded that this definition is unconstitutionally vague. *Sessions v. Dimaya*, No. 15-1498, 2018 U.S. LEXIS 2497, at *39, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018).

9

federal immigration law reveals that the law was "not succinct and straightforward" in 2016 regarding whether a conviction for the offense of evading arrest in a motor vehicle would subject a noncitizen defendant to automatic deportation. This lack of clarity became even more pronounced when the United States Supreme Court declared the residual clause of the definition of "crime of violence" as used in immigration law constitutionally infirm. *See Dimaya*, 2018 U.S. LEXIS 2497, at \*39.[4] Because the immigration consequences of a conviction for evading arrest in a motor vehicle are "not succinct and straightforward," Greaves owed appellant a duty only to advise him that his conviction may carry a risk of adverse immigration consequences. *See Padilla*, 559 U.S. at 369; *Ex parte Moussazadeh*, 361 S.W.3d at 691. There is no dispute that Greaves discharged this duty.

Consequently, appellant failed to show that Greaves's plea advice did not fall within the wide range of competence demanded of attorneys in criminal cases. As such, he did not meet his burden to prove that he was entitled to habeas corpus relief due to Greaves's provision of ineffective assistance of counsel. *See Hill*, 474 U.S. at 58-59; *Ex parte Moussazadeh*, 361 S.W.3d at 691; *Ex parte Harrington*, 310 S.W.3d at 458. Because an applicant for habeas relief on the basis of ineffective assistance of counsel

---

[4] In *Dimaya*, the Court identified that the residual clause in the definition of "crime of violence," which makes any "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" a crime of violence, requires courts to subjectively discern whether the charged offense, in "the ordinary case," would present a "substantial risk" of violence. *Id.* at \*22 (discussing the definition of "crime of violence" found in 18 U.S.C.S. § 16(b)). This subjective assessment of the ordinary case produces "more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* If differing assessments by the bench regarding what offenses are fairly included in the definition of a "crime of violence" for immigration purposes makes the statute too unclear for due process, we cannot hold a criminal defense attorney to the duty to predict whether an immigration judge in a subsequent proceeding will view a particular offense as a "crime of violence." Consequently, we must conclude that the law was not "truly clear" that the offense of evading arrest in a motor vehicle was a "crime of violence" that made the offense an "aggravated felony" subject to automatic deportation. *See* 8 U.S.C.S. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii); 18 U.S.C.S. § 16(b).

must prove both *Strickland* prongs by a preponderance of the evidence, *see Perez*, 310 S.W.3d at 893, we need not address whether appellant established a reasonable probability that, but for counsel's deficient performance, appellant would have insisted on going to trial rather than accepting the offer and pleading guilty. *See* TEX. R. APP. P. 47.1. We overrule appellant's first issue.

Issue Two: Out-Of-Time Appeal

By his second issue, appellant contends that the trial court erred in denying habeas relief that would have permitted appellant to file an out-of-time appeal on the basis that trial counsel rendered ineffective assistance by failing to advise appellant that his failure to appeal made his conviction final and immediately subjected him to deportation.

Law

For appellant to establish that he is entitled to habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland*, 466 U.S. at 687; *Perez*, 310 S.W.3d at 892-93. Failure to prove both prongs by a preponderance of the evidence will defeat the claim of ineffectiveness. *Perez*, 310 S.W.3d at 893.

Trial counsel, whether retained or appointed, has the duty, obligation, and responsibility to consult with and fully advise his client concerning the meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the

11

necessity of giving notice of appeal and taking other steps to pursue an appeal, in addition to expressing his professional judgment as to potential grounds for appeal and the merit of those grounds, and identifying the advantages and disadvantages of appeal. *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). However, the ultimate decision to appeal belongs to the client. *Id.* Counsel is constitutionally required to consult with the defendant about an appeal when there is reason to think that a rational defendant would want to appeal, such as when there are apparent nonfrivolous grounds for appeal, or when the defendant has reasonably demonstrated to counsel his desire to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

The second prong of the *Strickland* standard is satisfied when a defendant demonstrates that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Id.* at 484. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*

Analysis

In the instant case, appellant did not establish either that there was a nonfrivolous ground for appeal or that he had reasonably demonstrated to Greaves his desire to appeal. *See id.* at 480.

Greaves testified that after trial but before sentencing, he informed appellant of his right of appeal and discussed with him the merits of filing an appeal. Greaves again discussed appeal with appellant after sentencing. Greaves advised appellant that, while

he could appeal, Greaves did not believe that it would be advisable since doing so could have adverse consequences on the pending proceedings arising from the State's motions to proceed to an adjudication of guilt related to two misdemeanor offenses. Appellant never instructed Greaves to preserve his right of appeal.

Through his habeas application, appellant contends that a challenge to the sufficiency of the evidence supporting his conviction for evading arrest in a motor vehicle is a nonfrivolous ground for appeal that should have obligated Greaves to perfect appellant's appeal. However, our review of the record from the underlying trial reflects that the evidence was sufficient to support appellant's conviction. When we review the sufficiency of the evidence to support a conviction, we are required to defer to the jury's assessment of the credibility of witnesses and to indulge all reasonable inferences from the evidence in favor of the verdict. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The evidence that supports the verdict that appellant was guilty of evading arrest in a motor vehicle includes appellant's familiarity with the area suggesting that he knew he was driving on a sidewalk, appellant's apparent confession that he ran from the officers who were attempting to stop him,[5] all of the officers attempting to detain appellant were in uniform, an officer testified that he struck the side window of the vehicle while yelling for appellant to stop, multiple officers testified that appellant drove more erratically after the officers began attempting to stop him,[6] an officer shined his flashlight at

---

[5] Immediately after appellant was stopped by police, an officer asked appellant why he did not stop for the police when they initially tried to stop him. Appellant stated that, "I was on the sidewalk . . . ." When asked whether he ran from the police, appellant stated that he was nervous and apologized.

[6] *See Griego v. State*, 345 S.W.3d 742, 751 & n.10 (Tex. App.—Amarillo 2011, no pet.) ("speed, distance, and duration of pursuit may be factors in considering whether a defendant intentionally fled . . . .").

13

appellant's vehicle during the pursuit, and one of appellant's passengers told appellant to stop because "it seemed like a police officer [was] trying to stop us and we were driving on the sidewalk." Taken together and viewed with the appropriate deference, we conclude that this evidence is sufficient to support appellant's conviction for evading arrest in a motor vehicle. When the state of the evidence supporting appellant's conviction is considered in conjunction with the strategic rationale for Greaves's recommendation that appellant not appeal, we cannot conclude that Greaves violated his constitutionally mandated duty to properly advise appellant of his right of appeal. *Flores-Ortega*, 528 U.S. at 480. Thus, appellant failed to meet his burden to establish that Greaves's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687; *Perez*, 310 S.W.3d at 892-93.

Because appellant failed to show that Greaves did not properly advise him of his right of appeal, he did not meet his burden to prove that he was entitled to habeas corpus relief based on Greaves's provision of ineffective assistance of counsel. *See Hill*, 474 U.S. at 58-59; *Ex parte Moussazadeh*, 361 S.W.3d at 691; *Ex parte Harrington*, 310 S.W.3d at 458. Because an applicant for habeas relief on the basis of ineffective assistance of counsel must prove both *Strickland* prongs by a preponderance of the evidence, *see Perez*, 310 S.W.3d at 893, we need not address whether appellant established a reasonable probability that, but for counsel's deficient performance, appellant would have timely appealed. *See* Tex. R. App. P. 47.1. We overrule appellant's second issue.

14

Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.


Judy C. Parker
Justice

15