

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00141-CR
_____

PAUL CHAPIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 21F1095-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

A Bowie County jury convicted Paul Chapin of continuous sexual abuse of a young child and three counts of sexual assault of a child. *See* TEX. PENAL CODE ANN. §§ 22.011, 21.02 (Supp.). After a punishment trial, the jury assessed a sentence of life imprisonment and a $10,000.00 fine for the continuous sexual abuse conviction and consecutive sentences of twenty years' imprisonment and a $10,000.00 fine for each count of sexual assault of a child.

In his sole point of error on appeal, Chapin argues that his trial counsel rendered ineffective assistance by failing to object to the State's invocation of religion during its closing argument at punishment. Because Chapin cannot show that his counsel was ineffective from the record before us, we affirm the trial court's judgment.

## I.     The Record Does Not Prove Chapin's Claim of Ineffective Assistance

### A.     Standard of Review

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong[ed] test set forth in *Strickland v. Washington*, 466 U.S. 668, [687–88] . . . (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

To prove ineffective assistance of his counsel, Chapin must show (1) that trial counsel's representation fell below an objective standard of reasonableness, based on prevailing

professional norms, and (2) that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *See Strickland*, 466 U.S. at 687–95; *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). A "reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## B.     Chapin's Argument

"The approved general areas of argument are:    (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Chapin argues that the State veered outside the bounds of proper argument when making the following closing argument at punishment:

> You cannot do this job as long as I have and not believe . . . I don't believe in coincidences anymore. I don't believe it. I believe that people come together at a certain time and certain place to make decisions that are supposed to be made. You are here because the Lord put you here. You will make a decision based upon the law and the evidence, but I do not think it's coincidental that you're in those seats. I don't think that. I don't think it's coincidental that I'm here, that they're there, and we've all come to this time and place for a reason.

According to Chapin, his counsel should have objected because the State "intended to inflame religious feelings that the jury was instead supposed to consider themselves instruments of 'the Lord' and punish Appellant how they believe 'the Lord' would."

## C.     Analysis

Appellate courts "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113 (Tex. App.—Texarkana 2022, no pet.); *see*

3

*Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991) (orig. proceeding). Although it is possible that a single egregious error by counsel can constitute ineffective assistance, Texas courts have "been hesitant to 'designate any error as per se ineffective assistance of counsel as a matter of law.'" *Ex parte Harrington*, 310 S.W.3d 452, 459 (Tex. Crim. App. 2010) (orig. proceeding) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). As the Texas Court of Criminal Appeals has emphasized,

> An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct.

*Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Ordinarily, counsel should have an opportunity to explain his or her actions before being held ineffective. *Rylander*, 101 S.W.3d at 111.

Chapin's claim is based on a single omission—his counsel's failure to object to the State's invocation of "the Lord"—but the appellate record is silent on why counsel did not lodge an objection. As a result, we will not second-guess counsel's strategy with the benefit of hindsight and must reject Chapin's claim if we can fathom a strategic reason for failing to object.

Here, we can imagine a valid reason for why counsel failed to object. Even if the State's argument exceeds the permissible bounds, it "will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook*, 29 S.W.3d at 115 (citing *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex. Crim. App.

4

[Panel Op.] 1980)).  "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial."  *Id.*  "In most instances, an instruction to disregard the remarks will cure the error."  *Id.*

Here, it is possible to fathom several strategic reasons why counsel might have chosen not to object.  Counsel may have felt that the State's statements were not a willful and calculated effort to deprive Chapin of a fair and impartial trial or that objecting would have further drawn the jury's attention to the State's comments.  Counsel could also have decided to forego an objection based on a belief that (1) an instruction to disregard the statement would cure any error, (2) the trial court's jury charge contained instructions that cured any error, or (3) the statement, "You will make a decision based upon the law and the evidence," cured any error.  As a result, Chapin cannot show that his counsel rendered ineffective assistance based on the silent record before us.

Moreover, counsel's brief fails to properly address the second *Strickland* prong.  As a result, considering the evidence presented at trial, nothing suggests that there was a reasonable probability that the result of the punishment trial would have been different but for trial counsel's alleged deficient performance.

Because Chapin cannot meet either prong of the *Strickland* test, we overrule his sole point of error.

5

## II.  Disposition

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     February 1, 2024
Date Decided:     February 27, 2024

Do Not Publish